## W. M. CLEMENTS v. THOMAS B. HEARNE & WIFE.

1. ASSIGNMENT OF ERRORS.—An assignment of errors, to serve the purpose of the statute, must state the principle or rule of law violated in the court below for which the judgment should be reversed, or indicate it by reference to the record with such clearness and certainty that the court, on inspection of the transcript, may readily and at once perceive the very question proposed for its determination.
2. SAME—GENERAL ASSIGNMENT.—Unless there is some obvious error apparent upon the record requiring the reversal of the judgment, the court will not consider questions claimed to be raised by a general assignment which points out no specific error.
3. SAME.—See example of assignment of errors held insufficient.

APPEAL from Lamar. Tried below before the Hon. John C. Easton.

*V. W. Hale*, for appellant, in an elaborate brief, discussed the merits of the questions litigated.

*W. B. Wright*, also for appellant.

*Walton, Green & Hill*, for appellees.

MOORE, ASSOCIATE JUSTICE.—The errors assigned for the reversal of this case are—·

"1st. The court erred in its general charge to the jury.

"2d. The court erred in giving the instructions asked by plaintiff's counsel, and in refusing the instructions asked by defendants' counsel.

"3d. The court erred in overruling defendants' motion for a new trial."

The grounds for a new trial, as shown by the motion, are—

"1st. The court erred in its charge to the jury.

"2d. The court erred in giving the instructions asked by plaintiff's counsel.

"3d. The court erred in refusing the special instructions asked by defendants' counsel.

"4th. The verdict is contrary to the law and the evidence, and inequitable."

The object and purpose of an assignment of errors, as has been often said, is to point to the specific error claimed to have been committed by the court below, for which the judgment should be reversed, so as to obviate the necessity of the discussion by the opposite party, and the examination by the court of all the questions which may have been raised on the trial of the case in the lower court or suggested by the record, in which it can be supposed that there can be any error. To require the appellee or the court to hunt through the record for every conceivable error which the court below may have committed, when none has been pointed out by the party complaining of the judgment, would obviously be unreasonable and oppressive on the party recovering judgment, and most burthensome on this court, unnecessarily impeding the progress of its business; and by the confusion and uncertainty which it would beget as to the questions on which the case was decided in the court below, destroy its. character as an appellate tribunal; and by the multiplicity of the questions for discussion, tend much more to confusion and error in its own decisions than the correction of errors which may in fact have occurred in the District Court. An assignment of errors, to serve the purpose intended by the statute, must unquestionably state the principle or rule of law violated in the court below for which the judgment should be reversed, or indicate it by reference to the record with such clearness and certainty that the court, on inspection of the transcript, may readily and at once perceive the very question proposed for its determination.

The assignment of errors before us evidently falls far short of this requirement. On looking into the transcript we find that the charge of the court presents several different issues for the determination of the jury, and embodies several distinct and independent legal propositions. This is likewise the case with regard to the instructions given at the request

of the plaintiff, and also as to those asked by the defendants. The testimony in the case is lengthy, and in some respects contradictory. It cannot be pretended that the case, as presented for trial in the District Court, involved merely a single or distinct question of law or fact, which could be understood or perceived from the statement that the court erred in its charge or the jury found contrary to the evidence.

The court has repeatedly called attention to the insufficiency of assignments of this character, and announced that, unless there was some obvious error apparent upon the record requiring the reversal of the judgment, it was not incumbent upon it to consider questions claimed to be raised by such general assignments. Our observation shows that notwithstanding these repeated suggestions, calculated to induce more care in the preparation of assignments of error, they have by no means had the desired effect, and we think it time that what has so often been announced as the correct rule upon the subject should be given practical application. An examination of the record satisfies us that there is certainly no error of an obvious or fundamental character for which the judgment should be reversed irrespective of its assignment; and as the generality of the assignment relieves us from the consideration of other errors of a different character, we decline undertaking any examination to find whether or not there are any such.

The judgment is affirmed.

AFFIRMED.