# THE
# TEXAS LAW REPORTER

## AUSTIN, TEXAS, NOVEMBER, 1883.

### THE TEXAS & PACIFIC RAILWAY CO., vs. LAURA KIRK.

SUPREME COURT, TYLER TERM, 1883.

, *Removal from State to Federal Court.*—The petition in this case virtually same as that in T. & P. R. R. Co. vs. Mc Allister, decided at Austin Term, (2 Tex. Law Rep. p. 1,) for removal from the district court of this State to the United States Circuit Court.

*Evidence.*—Testimony that another train, on same day and near same place as happening of injury complained of, was thrown from the track, inadmissible.

*Negligence of railway company.*--The company could not excuse itself from having a sound track, under plea that employees had failed to so construct it, or afterwards to keep it in order. See 58 Tex. 277, and citations.

*Practice—Motion for new trial.*—Motion must specify grounds of error; and such error should go to the foundation of the case, or to the right and justice of the decision. *Vide* opinion for full authorities on this subject, and also as to numerous charges asked, etc.

Appeal from Harrison County.

*Turner & Stewart* for appellant.

*Stedman, Pope & Hill* for appellees.

#### STATEMENT.

This suit was brought in the District Court of Harrison County by George Anna Kirk, a resident citizen of the State of Virginia, and Laura Kirk, on the 23rd day of March, 1881, for damages, wrongs and injuries alleged to have been done said plaintiffs by reason of the death of William Garth Kirk, husband of Laura Kirk and son of George Anna Kirk; said plaintiffs alleging that William Garth Kirk came to his death by reason of negligence of appellant's agents and servants. The petition avers that on the 6th of November, 1880, Wm. Garth Kirk was traveling as a passenger on appellant's road,

from Minneola to Marshall, Texas; that he was considered and treat-
ed as a passenger by the conductor on the train, who was an author-
ized agent of the defendant. That while said Kirk was travelling on
said train, and when the same reached Lake Fork station, and after
going a short distance beyond it, said train of cars was, by reason of
the gross neglect and criminal carelessness of defendant, the Texas
& Pacific Railway Company, its agents and servants, thrown from
the track and broken to pieces, and the said Wm. Garth Kirk was
severely wounded and injured, by reason of which he did, within
thirty-six hours, die in Marshall, Texas. Plaintiffs aver that said ac-
cident was caused by reason of a broken rail in defendant's road-
bed, a piece of which, three feet thereof, was missing; that said road-
bed was generally out of repair, and that the same had been out of
repair for a long time previous to the 6th of November. That defen-
dant, by the exercise of ordinary care and diligence, could have
known the bad condition of its road, and could have prevented said
accident. The plaintiff claims actual and exemplary damages in the
sum of one hundred thousand dollars.

. Between the institution of this suit and the trial of the same, the
death of George Anna Kirk was suggested, and the same was after-
wards prosecuted in the name of Laura Kirk alone.

Defendant answered the averments of plaintiff with general and
special exceptions, and a general denial, and set forth the following
special defense : That the iron rails and crossties used by defendant
for supporting its trains, were of the most substantial character; that
the iron rails were purchased from first class manufactories and were
manufactured according to the most approved pattern; that the ser-
vants employed by defendant in running its trains were able, com-
petent, skillful men; that the rail alleged to have been broken was
apparently sound in every particular and no defects were visible;
that a short time previous to said wreck, said track was carefully in-
spected by a skillful agent appointed by defendant and the same
was found to be in good condition, and all rails that were loose or
out of repair were carefully adjusted to the road bed; and defendant
further alleged that said accident was caused, if at all, by reason of
a severe and sudden cold spell which occurred about the 6th of Nov-
ember and caused said rails in said road to become brittle and more
liable to break, and that if said rail broke at all, it was by reason of
said cold spell and not on account of the negligence of defendant

or its servants. On the 13th of May, 1881, defendant filed its petition to remove this cause to the United States Court at Jefferson, which petition was accompanied by the proper bond. The bond was approved by the Court and the petition overruled and denied on the 16th of May, 1881, to which ruling defendant excepted. On the 29th of May, 1882, this cause was tried, and there was a verdict and judgment for plaintiff for twelve thousand five hundered dollars actual damages. On the 31st of May, 1882, defendant filed its motion for a new taial, which was, on the 2nd of Jund, 1882, overruled; to which ruling defendant excepted, and gave notice of appeal in open court, to the Supreme Court of Texas.

Opinion by Stayton, J.

The petition for the removal of this case from the District Court of this State to the United States Circuit Court, is in all material respects the same as was the petition for removal in the case of the **Texas & Pacific Railway Co. vs. McAllister,** decided, at the last Austin term of c  ᴜ ᴛ 2 Tex. Law Reporter.

In that case it was held that the petition for removal stated no sufficient grounds therefor.

In this case no reason or authority has been brought forward, inducing us to doubt the correctness of the decision made in the case referred to,and without again giving the reasons,for the reasons given in that case, we hold that the petition for removal was insufficient, and that the court below did not err in retaining and trying the case.

It is not urged that the application was insufficient, under any other of the removal acts, than the act of July 27 1868, hence we deem it unnecessary to consider it under any other.

The fourth assignment, asserts that the admission of the testimony of a witness to the effect that another train on the same day and near the same place as that on which the husband of the appellee was injured, was thrown from the track, was error.

The fifth assignment asserts that, the court erred in permitting two witnesses to state the condition of appellant's track, in the vicinity of the place where the train was thrown from its track at the time appellee's husuand was injured, and for some time prior thereto.

The pleadings in this case in reference to the manner in which the injury complained of was caused, as to the condition of appellant's track at the place and in the vicinity of the place where the injury

occurred, as to its negligence in not keeping its road in good and safe condition, and also as to its knowledge of the dangerous condition of its track and its indifference to the safety of passengers, as well as the relief sought, etc., damages both actual and exemplary, are substantially the same as the case of the same appellant against De Milley, decided this day; the injuries which the appellee in that case and in this complain of having been inflicted at the same time, and resulting from the same cause.

In the case of the Texas & Pacific Railway Co. vs. De Milley, the questions presented by the fourth and fifth assignments were considered, and it was held that the evidence was admissible, and from the reasons given in that case we so hold in this. The second, third, and sixth assignments of error are waived and the seventh is : "The court erred in not giving all the special charges asked by defendant."

There are thirteen special charges asked by defendant upon a variety of subjects, upon some of which the court in the main charge had in effect given the same, and the only matter which can be considered under this assignment is, was it error in the court to refuse to give them all. The first, second, and thirteenth instructions asked were in substance, that the plaintiff could not recover if the injury was not caused by a broken and partly missing rail. The petition alleged that the rail which caused the cars to be thrown from the track, was and had been broken for several days and that a part of the rail was missing, and it is claimed that both of the defects must have been found to authorize a recovery. We do not so understand this rule. The general rule regulating the sufficiency of evidence is, that it is sufficient if the substance of the issue be found. 1 Greenleaf 561. The substance of one of the issues in this case was : *was the track of the appellants road unsound and unsafe by reason of a defective rail*, and was that the cause of the injury ? It was alleged that the track was defective in two respects. 1st. That the rail was and had been for some time broken. 2nd. That a part of the broken rail was missing. Proof of either of these facts would have been sufficient to establish the defective character of the track, and sustain so much of the issue, and if the other evidence in the case showed that such defect caused the injury, then the matter in issue was sufficiently formed in so far as it was necessary to show the

cause of the injury, and so far as this issue under consideration was concerned.

In the case of the Pittsburg, Ft. Wayne, and Chicago Ry. Co., vs. Ruby, 38 Ind. 305. it was alleged that the *conductor* and brakeman on a freight train, carelessly and negligently failed to properly adjust a switch and *signalled* a passenger train to advance. The jury found that neither the conductor nor brakeman signalled the train to advance, but that the *employees* of the company did so, and it was claimed that there was a variance between the pleadings and proof, or verdict. The court held that there was no variance between the pleadings and the special verdict. The court would have erred if it had given the charge referred to. The appellant sought by the seventh special instruction to have the jury instructed in effect, that they must find for the defendant if the deceased was an employee of the company and the injury was caused by negligence of a servant of the company. It appears that the deceased was stock and feed agent for the appellants, and that his duty called him frequently to be upon the trains. The petition allleged and the proof tended to show that the injury was caused by a defective track.

Such being the case the court would have erred if it had given the instructions asked; for even if the deceased was an employee, (within the meaning of the rule which ordinarily prevents servants from recovering damages from the master for an injury received from the negligence of a servant in the common employment) as held in the Texas M. R. R. Co. vs. Whitmore 58 Texas 277, and cases therein cited, the duty to have a sound track was the duty of the appellant from which it could not excuse itself under the plea that its employees had failed originally to so construct it, or that after so constructed, they had failed to keep it in proper order.

The seventh assignment of error is so general that it cannot be further considered, no error appearing which goes to the foundation of the action. Rules 24, 25, 26, 47 Tex. 602. Green vs. Dallahan & Co. 54 Tex. 285; 54 Tex. 46; 46 Tex. 589; 45 Tex. 415; 44 Tex. 540. The tenth assignment of error has been considered substantially under the seventh assignment, and raises no question of variance between the pleadings and proof, and need not be further considered.

The eleventh assignment is, "the court erred in overruling defendanf's motion for a new trial."

The motion for a new trial is based upon ten separate and distinct grounds, and under the well settled rules of this court, the assignment must be held not to specify the grounds of error relied on. Rules 24, 25, 26, 47 Tex. 602. Houston & T. C. R. R. Co. vs. Shæfer 54 Tex. 641. Green vs. Dallahan & Co. 54 Tex. 281. Flannagan vs. Womack and Perry 54 Tex. 46. Tompkins vs. Toland 46 Tex. 589. Lumpkin vs. Murrell 46 Tex. 56. Clemants vs. Hearn and wife 45 Tex. 415. Austin vs. G. C. St. F. R. R. Co. 45 Tex. 260.

Denson vs. Payne 44 Tex. 540, and it not appearing that in this respect there is any error going to the foundation of the case or to the right and justice of the decision, the assignment cannot be considered. The verdict of the jury is large, but even if the amount of the verdict was assigned as error, we could not say under the evidence that it was so evidently excessive as to justify this court in setting it aside.

The twelfth assignment of error is, "the court erred in not sustaining the special demurrers to plaintiff's petition."

The only matter urged under this assignment is, that, the petition gave the conclusions of the pleader in regard to certain matters. This is true, but the facts upon which the conclusions were based, were fully stated, and if true justified the conclusions drawn from them, and the appellant could not have been prejudiced by the ruling of the court.

There is no such error presented as requires, or would justify the reversal of the judgment of the court below and its judgment is affirmed.