ST. LOUIS & SAN FRANCISCO RAILWAY COMPANY v. ALBERTON E. GEORGE.

No. 7266.

1. **Negligence as to Defective Railway Bridge — Pleading and Evidence.**—See statement of the pleadings in an action for injuries received by plaintiff, caused by a defective bridge of a railway company, and testimony admissible under them, authorizing the following charge of the court: "If you find that plaintiff was injured as alleged by the train falling through a washed-out bridge, and you further find that the defendant had on that occasion reasonable grounds to apprehend danger at the said bridge, and by the use of ordinary care could have discovered the wash-out and warned plaintiff in time to have prevented the accident, but did not do so, and that the accident causing plaintiff's injuries was the result of such failure, then you will find for the plaintiff, whether you find that the bridge was ordinarily safe or not."

2. **Corporation Acts by its Agents—Pleading.**—A corporation necessarily acts through the agency of its servants. It follows that an allegation charging negligence against the corporation will admit proof of the negligence of its agents who may be charged with the duty of performing that the omission of which constitutes the negligence complained of.

3. **Duty of Railway Company Touching its Bridges, etc.**—It is the duty of a railway company to its employes and servants operating its trains to make frequent and thorough inspection of its line of road and bridges; and in case of violent storms it should make such inspection with more than ordi-

nary promptitude and thoroughness. and in particular to examine such portions of it as are liable to injury by such storms; and where this duty by the rules of the company is devolved upon the section men, their negligence is the negligence of the company.

**4. Repairs Upon Defective Road.**—While it is incompetent as against the defendant when sued for damages from alleged negligence in the construction of its road or bridges to admit testimony showing that since the injury complained of the defendant had repaired or supplied the alleged defect, yet when by the testimony of the defendant upon the same subject the testimony to repairs, etc., may become admissible in rebuttal, any error in admitting it when first offered becomes immaterial.

**5. Duty—Rain Storm as Notice.**—The occurrence of a violent rain storm of itself seems to be considered sufficient notice to a foreman charged with looking after the condition of the bridges upon his section, to make immediate inspection as to the condition of his section of the track after such storm.

APPEAL from Lamar. Tried below before Hon. E. D. McCLELLAN.

*E. D. Kenna* and *M. R. Smith*, for appellant. — 1. The pleadings did not present the issue as to whether defendant exercised ordinary care in trying to discover the wash-out, and any charge submitting such issue, although based upon testimony necessarily irrelevant, was erroneous. Love v. Wyatt, 19 Texas, 312; Loving v. Dixon, 56 Texas, 79; Railway v. Terry, 42 Texas, 454; Markham v. Carothers, 47 Texas, 28; Railway v. Faber, 63 Texas, 344; Railway v. Rider, 62 Texas, 270; Sayles' Ann. Stats., art. 1317, notes 3, 4. A charge based on irrelevant evidence: McKinney v. Fort, 10 Texas, 233; Good v. Coombs, 28 Texas, 50; Ely v. Railway, 77 Mo., 36; Waldhier v. Railway, 71 Mo., 514; Edens v. Railway, 72 Mo., 212.

2. The pleadings do not present the issue that the defendant was liable for the acts of its servants. The issue as to any special inspection being required in the exercise of ordinary care of this washed-out trestle on the morning of April 28, 1888, was not made by the pleadings, and the court erred in charging thereon. Railway v. Terry, 42 Texas, 453; Cook v. Dennis, 61 Texas, 246; Cuney v. Dupree, 21 Texas, 211; Railway v. Gilmore, 62 Texas, 392; Belcher v. Fox, 60 Texas, 531; McKinney v. Fort, 10 Texas, 233; Railway v. Hennessey, 75 Texas, 155.

Detached recitals in a petition can not be construed into an averment never intended by the pleader. Yale v. Ward, 30 Texas, 18; Whitlock v. Castro, 22 Texas, 109; Edgar v. Galveston, 46 Texas, 421.

Facts not alleged, though proven, can not form the basis of a decree. Hall v. Jackson, 3 Texas, 305.

3. The court erred in permitting evidence, for the purpose of proving negligence on the part of. the defendant, to show that the trestle, when repaired after the accident, was made more secure and safe than it was when first constructed. Morse v. Railway, 38 Minn., 468; Railway v.

Miller, 20 Am. and Eng. Ry. Cases, 273; Railway v. Dale, 73 N. Y., 468; Nally v. Carpet Co., 51 Conn., 524–527; Railway v. McGowan, 73 Texas, 355; 16 N. W. Rep., 358; Railway v. Hennessey, 75 Texas, 155; Patt. Ry. Acc. Law, 421, 422.

4. The only issue that was really made by the pleadings being whether the bridge or trestle was originally constructed in a reasonably safe manner, and the affirmative thereof being established by an overwhelming weight of evidence, the court should have sustained defendant's motion and granted it a new trial. Lucketts v. Townsend, 3 Texas, 134; Chandler v. Meckling, 22 Texas, 43; Railway v. Casey, 52 Texas, 122; Bank v. Armstrong, 92 Mo., 280; Austin v. Talk, 20 Texas, 168; Railway v. Wallen, 65 Texas, 572; Railway v. Schmidt, 61 Texas, 286; Railway v. Bracken, 59 Texas, 75.

*Dudley & Moore*, for appellee.—1. The charge of the court in every case should present to the jury all the issues made by the pleading, if there be evidence under them, unless an issue be abandoned, and when done the jury should be so instructed. Railway v. Underwood, 64 Texas, 463; Blum v. Whitworth, 66 Texas, 350.

2. A general denial puts in issue plaintiff's whole cause of action, as alleged in the petition, and puts the plaintiff to the proof of his cause so alleged. Altgelt v. Emilienburg, 64 Texas, 150; Fowler v. Davenport, 21 Texas, 626.

3. Where the injury to the employe or servant is alleged to have been caused by two acts of negligence on the part of the master, if the proof shows that the injury sustained was caused by both acts of negligence combined, or either of the acts alone, the case is proved, and the servant is entitled to recover, unless the master alleges and proves that the servant's own negligence contributed proximately to his injuries. See Railway v. Kirk, 62 Texas, 227, where the track was alleged to have been defective in two respects. This court says, on page 232, "Proof of either defect establishes the defective character of the track, and if the other evidence showed that such defect caused the injury, then the matter in issue was sufficiently proved." Railway v. McClain, 80 Texas, 85.

4. It is the duty of the railway company to its employes and servants operating its trains to make frequent and thorough inspection of its line of road and bridges, and in case of violent storms it should make such inspection with more than ordinary promptitude and thoroughness, and in particular to examine such portions of it as are liable to injury by such storms; and where this duty by the rules of the company is devolved upon the section men or section foremen, their negligence is the negligence of the company. Railway v. Kirk, 62 Texas, 227; Railway v. Weaver, 35 Kan., 412; Hardy v. Railway, 74 N. C., 734; Gates v. Railway, 28 Minn., 110; Patt. Ry. Acc. Law, sec. 286.

5. The evidence to repairs was offered and was admissible for the purpose of showing that the bottom of the ravine over which the bridge was built was solid rock, and that the bents could have been bolted into the rock, and had they been so bolted they could not have been removed. Had appellant desired the evidence to have been limited to that purpose, it should have asked a special charge. ·Walker v. Brown, 66 Texas, 556; Railway v. Johnston, 78 Texas, 536. And even though the evidence may have been improper and inadmissible primarily, it was rendered proper and admissible in rebuttal of the testimony introduced by appellant. Wade v. Love, 69 Texas, 522; Boone v. Thompson, 17 Texas, 605; Railway v. Douglas, 73 Texas, 325.

TARLTON, Judge, *Section B.*—This is an appeal from a judgment rendered by the District Court of Lamar County, awarding damages in the sum of $4800 for personal injuries found by a jury to have been inflicted upon appellee, on account of the negligence of appellant.

The injuries were received by appellee on the morning of April 28, 1888, while employed as a brakeman on one of appellant's freight trains; and they were caused by a fall of this freight train through one of appellant's bridges on its line of road.

It will be observed, in the course of this opinion, that appellant lays much stress upon the proposition that plaintiff's pleadings with reference to negligence do not furnish a basis for certain instructions given by the court to the jury. We therefore deem it proper to insert, from appellee's brief, the following substantially accurate statement of his allegations on the subject alluded to:

"Appellee in his petition set up two grounds of negligence on the part of appellant—that is, that appellant had been guilty of negligence in two respects, thereby causing his injuries:

" 1. That appellant was guilty of negligence by the unskillful and unsafe manner in which it built and constructed its roadbed and the bridge and trestle at the point where appellee was injured; that the bridge or trestle where appellee was injured, as originally constructed, was not reasonably safe for the running of trains over the same; that it was so constructed by appellant that the bents of said bridge or trestle sat upon the ground, or upon cross-ties cut in two and laid down upon the ground, without being morticed, bolted, or fastened in any way, and with nothing but the weight of the track and ties to hold said bridge down; that it was not provided with sufficient bolts and stays, and had nothing to hold it or to prevent the water at that point from raising it and washing or floating it away.

" 2. That appellant was also guilty of negligence in failing to properly inspect and examine the said bridge and trestle on the morning of the 28th of April, 1888, before allowing the train on which appellee was at

work to go upon the same; that sometime, either the day or night before the injury, a portion of said trestle or bridge had been removed, floated, or washed away by a volume of water, caused by a recent rainfall; that after said rain and after the water had accumulated at said bridge or trestle, the appellant failed to properly examine or inspect the said trestle or bridge, or to give the signals of danger, but negligently and recklessly permitted the train on which appellee was at work to go upon the same without any warning and in ignorance of its condition; that the defendant knew of the manner in which said bridge or trestle was constructed, or could have known it by the use of ordinary diligence, and knew of the wash-out in said bridge or trestle, or could have known it by a proper ·examination and inspection of the same."

Appellee further alleged, in substance, that on account of the negligence stated the train went through the bridge, and appellee was injured, as had been before detailed.

Appellant pleaded a general demurrer, special exception, a general denial, and by special answer that appellee received his injuries in the Choctaw Nation, Indian Territory, and under its laws could not maintain his suit.

Appellant first complains of the fifth paragraph of the court's charge, insisting that it was justified neither by the pleadings nor the testimony. This paragraph is as follows:

" 5. If you find that plaintiff was injured as alleged by the train falling through a washed-out bridge, and you further find that the defendant had on that occasion reasonable grounds to apprehend danger at the said bridge, and could, by the use of ordinary care, have discovered the wash-out and warned plaintiff in time to have prevented the accident, but ·did not do so, and that the accident causing plaintiff's injuries was the result of such failure, then you will find for the plaintiff, whether you find that the bridge was originally safe or not."

It is evident from the statement above made of plaintiff's pleadings, that they provide, on the second ground of negligence alleged, ample basis for the matters of fact submitted in the foregoing instruction for the determination of the jury. Nor is testimony wanting to support the ·charge. The wreck in which appellee was injured occurred at a bridge ·crossing a ravine, about two miles north of Antlers and two and a half miles south of Davenport, stations on appellant's line of railway. The train, going north, left Paris, Texas, at 3 o'clock a. m., April 28, 1888. It reached Antlers at 6:45, where it remained until 7:30. It arrived at the bridge, the scene of the disaster, at 7:35 a. m. At Antlers the conductor received orders " to run very slow and carefully; look out for wash-outs and trouble; to take no chances; to put train on side-track at Kasoma and report for orders." Kasoma was the second station north ·of Antlers, and therefore beyond Davenport.

The company's printed rules required "section men to use extraordinary caution after all rain and wind storms; to closely watch their entire section during and after all storms, and in case of wash-outs or dangerous bridges to send at once a messenger to the nearest telegraph station, who should telegraph the facts to the division superintendent and roadmaster; and to station a flagman one-half mile in each direction from the dangerous place, provided with torpedoes, flags, and lanterns, with full and explicit instructions to stop and warn all trains until the danger should be removed."

A rain began about 11 o'clock of the night of April 27, and by 4 o'clock the next morning it had fallen in such quantities that, as a witness stated, "the little branches of the night before were converted into rivers." A "bent" of the bridge was washed out, and was found fifty yards below the bridge. The cars went through that portion of the bridge which rested in part upon this "bent."

There were section houses both at Antlers and Davenport, with section foremen and men, provided with hand cars and danger signals, who could in fifteen minutes have gone from either Antlers or Davenport to the bridge. The operators of the train saw the section foreman at Antlers, but he gave them no notice of the condition of the bridge. The bridge was not inspected by the section foremen, though the character of the rain storm, and the consequent danger, were necessarily known to them; or if inspected, no signal of danger was given by them. The conductor was, on the contrary, ordered to proceed to a point beyond the bridge where the section foremen should have looked for the danger, and by precautionary measures, provided against it.

We think that the charge complained of was a proper presentation of one of the two issues of negligence legitimately growing out of the pleadings and the evidence. Railway v. Underwood, 64 Texas, 463.

Where two grounds or acts of negligence are alleged, recovery may be had upon proof of either. Railway v. Kirk, 62 Texas, 227.

The seventh paragraph of the court's charge is assigned as error. It reads thus:

"7. A railway company can not escape liability for damages occasioned by a negligent failure to provide reasonably safe bridges, or to properly inspect and keep them so, by delegating that duty to its servants; when such duty is delegated to its servants and they are negligent in performing it, such negligence is in law the negligence of the company."

As we understand appellant's propositions, they suggest three objections to this instruction: (1) The pleadings do not present the question of the liability of the defendant on account of the acts and conduct of its servants. (2) The pleadings do not present the question of duty on the part of the defendant in the exercise of ordinary care to inspect the "washed-out trestle" on the morning of April 28, 1888. (3) The

paragraph, taken in connection with the whole charge, unduly empha-
sizes the issue of defective construction of the trestle.

1. A corporation necessarily acts through the agency of servants. It
follows that an allegation charging negligence against the corporation
will admit proof of the negligence of its agents who may be charged with
the duty of performing that the omission of which constitutes the negli-
gence inquired about. An instruction, therefore, otherwise unobjection-
able, will not be erroneous if it conform to an issue thus presented. The
instruction in question does, in our opinion, so conform.

2. The allegations of the appellee already quoted aver a failure on the
part of the appellant to properly inspect the bridge in question, though
it knew of the wash-out, or could have known it by proper inspection.
These averments certainly charge upon the defendant the duty of exam-
ination in the exercise of ordinary care. If this duty was not alleged with
sufficient definiteness, the defendant should have addressed a special ex-
ception to the pleading. This it failed to do.

3. The remaining paragraphs of the court's charge contained no refer-
ence to the liability of the defendant for failure on the part of its servants
to discharge a duty delegated to them. The evident purpose of this
seventh instruction was to supply the omission of the remaining subdi-
visions. It was called for by that portion of the evidence which showed
that the special duty was devolved upon the section foreman to inspect
bridges, and so to provide and maintain them reasonably safe. It was
addressed to an issue thus presented by both the pleadings and the evi-
dence, and we find no undue emphasis of that issue. The instruction
was a legitimate application of a doctrine which we believe to be correct,
and which is set out in the following proposition of appellee:

" It is the duty of a railway company to its employes and servants op-
erating its trains to make frequent and thorough inspection of its line of
road and bridges; and in case of violent storms it should make such in-
spection with more than ordinary promptitude and thoroughness, and in
particular to examine such portions of it as are liable to injury by such
storms; and where this duty, by the rules of the company, is devolved
upon the section men or section foremen, their negligence is the negli-
gence of the company." Railway v. Kirk, 62 Texas, 227; Railway v.
Weaver, 35 Kans., 412; Hardy v. Railway, 74 N. C., 734; Gates v. Rail-
way, 28 Minn., 110; Patt. Ry. Acc. Law, sec. 286.

It is contended by appellee that the bridge in question was defectively
constructed, because " the ' bents' sat upon the ground, or upon cross-
ties cut in two and laid down upon the ground, without being morticed,
bolted, or fastened in any way."

In support of this contention, two witnesses, J. M. Crain and J. C.
Oates, testified for the plaintiff. The former stated, that " the bottom
of the branch is solid rock; that the ' bents ' of the bridge were not bolted

nor fastened to the rock, nor stayed in any way, but just laid down on the rock. * * * The 'bents' could have been bolted down into the solid rock with drift bolts, which would have prevented them from floating or washing out. *When the defendant put back the 'bent' which washed out, they did bolt it down into the rock."*

J. C. Oates, testifying with reference to the condition of the bridge a year after the accident, stated: "The branch has a solid rock bottom; the two bents in the middle [of the bridge] are bolted down with iron bolts to the rock. * * * If the bents had been bolted down they would not have washed out."

To the testimony of these witnesses, showing that since the accident the defendant had bolted the bents to the rock, appellant objected, on the ground that the evidence showing the manner of reconstruction of the bridge was not admissible to prove negligence in the original construction, and that it was irrelevant and *inadmissible for any purpose.* The evidence was nevertheless admitted by the court, and its action is assigned as error.

It has been held, that as a rule it is incompetent to prove negligence by showing that since the accident the railroad company has changed the construction of the work which had proved defective, or that it "has taken additional measures to prevent the recurrence of the casualty." Railway v. McGowan, 73 Texas, 355; Railway v. Compton, 75 Texas, 675. In the former case cited the injury was ascribed to an overflow, due to the defective construction of the roadbed on account of insufficient culverts, and it was held incompetent to show that since the overflow the culverts had been enlarged. In the latter case the accident was alleged to be due to the omission to send a conductor with the defendant's water-trains, and evidence that since the accident a conductor had accompanied the trains was excluded. The rule, however, is not stated to be inflexible. In the McGowan case, supra, Henry, Justice, says: "Without undertaking to say that this rule should be applied in all cases, we do not hesitate to say that it is a proper one to apply in cases of the character of the one before us." Hence the appellee, citing Railway v. Johnston, 78 Texas, 536, contends that the testimony in this case, presenting, as he claims, a different condition, is admissible "for the purpose of showing that the bottom of the ravine over which the bridge was built was solid rock, and that the bents could have been bolted into the rock, and had they been so bolted they could not have been removed."

We waive a discussion of the admissibility of the evidence, under this contention of appellee, as unnecessary to a disposition of this assignment, and for this reason: If this testimony was not primarily competent, it became so as rebutting evidence, in view of the developments of the defendant's case.

When the evidence in question was offered, there was on file the depo-

sition of a witness, C. E. Webster, testifying as an expert for the defendant. His statement was to the effect, that the bents of the bridge were not fastened to the solid rock, because there was no such rock to which they could be fastened; that the creek bottom was formed of slate rock. During the trial, the other witnesses for the defendant testified that the creek bottom consisted of boulders and shale, for which reason the bents could not be bolted down. With this evidence of the defendant the testimony objected to was in conflict, and it became relevant as rebutting evidence. Wade v. Love, 69 Texas, 522. Being admissible for this purpose, if the defendant feared that it would be considered by the jury for an illegitimate purpose, it should have asked a special instruction limiting its scope. Walker v. Brown, 66 Texas, 556.

It is assigned as error that the court overruled the defendant's motion for a new trial. It is insisted that the testimony failed to show the negligent construction of the bridge, and to show that the defendant had any reason to apprehend danger at the bridge.

We think that the evidence in this case shows that on the occasion in question the defendant might reasonably have expected a wash-out and consequent danger to the bridge; that in fact it did probably anticipate such danger, because it warned the conductor to look for similar sources of peril; that its servant, the section foreman, to whom it had delegated the duty of providing against the catastrophe, failed to discharge that duty; that it, and not the appellee, should suffer the consequences of this negligence.

On the second issue presented by the pleadings, and without reference to the proper or defective construction of the bridge, we are of opinion that the evidence fully sustains the verdict, and that the judgment should be affirmed.

*Affirmed.*

Adopted June 7, 1892.