WOLF v. GARDNER.   (No. 6177.)

(Court of Civil Appeals of Texas.   San Antonio.   Feb. 26, 1919.)

1. APPEAL AND ERROR ☞1039(2)—HARMLESS ERROR—PLEADING—CONCLUSIONS.

It is no ground for reversal that the petition contains conclusions of law from facts pleaded therein, if the facts were sufficient to constitute a cause of action, and the conclusions were deducible from such facts.

2. APPEAL AND ERROR ☞263(1)—INSTRUCTIONS TO JURY—EFFECT OF FAILURE TO EXCEPT.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 2061, the ruling of the court in giving, refusing, or qualifying instructions will be regarded as approved, unless excepted to in the manner provided by law.

Appeal from Bexar County Court for Civil Cases; John H. Clark, Judge.

Action by Rose M. Gardner against Ed Wolf.   From a judgment for plaintiff, defendant appeals.   Affirmed.

C. C. Harris and Ernest Fellbaum, both of San Antonio, for appellant.

Nelson Lytle and Chambers & Watson, all of San Antonio, for appellee.

FLY, C. J.   This is a suit for damages resulting from a collision between two automobiles, instituted by appellee against appellant.   Appellee alleged that the car in which she was riding from Bandera to San Antonio was on the right-hand side of the road and moving at the rate of about 8 or 10 miles an hour, "and was being driven and operated in a careful and prudent manner, in full compliance with law, and all traffic rules, regulations and customs"; that the collision occurred about 11 miles from San Antonio, when appellant approached from the opposite direction in a car, and he "was driving and operating same in a negligent and reckless manner; was driving at a rate of speed of about 30 or 35 miles an hour; was driving on the left-hand side of the road, contrary to law, traffic regulations, rules, and customs; and was driving and operating his car in such a negligent, reckless, and careless manner as to endanger the lives, limbs, and persons of other persons passing along on or using said public highway and public road where the collision occurred."   It was further alleged that appellant ran into and injured appellee.   The cause was submitted to a jury on special issues, and on the answers thereto judgment was rendered in favor of appellee for $750.   There is no statement of facts.

[1] The jury found that appellant was guilty of negligence in operating his car, which was the proximate cause of the injuries to appellee, and outside of any conclusions of the pleader as to the acts of appellant being in violation of law and the acts of appellee being in conformance with law, the petition contained allegations of negligence that fully justify the verdict.   If everything that was pleaded which appellant excepted to as conclusions had been eliminated, there was a case of negligence alleged and we must presume was proved.   The conclusions, however, were properly deducible from the facts pleaded, and would not be ground for reversal.   Railway v. Kirk, 62 Tex. 227; Wingfield v. Hackney, 95 Tex. 490, 68 S. W. 262.   The first, second, and third assignments of error are overruled.

[2] The record fails to indicate that any objections were urged to the charge of the court or any special charges requested.   "The ruling of the court in the giving, refusing or qualifying of instructions to the jury shall be regarded as approved unless excepted to as provided in the foregoing articles."   Vernon's Ann. Civ. St. 1914, art. 2061.   There is no bill of exceptions in the record.   The fourth assignment is overruled.

The judgment is affirmed.