## ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. HUDSON et ux.
### (No. 3573.)

Court of Civil Appeals of Texas. Texarkana.
Aug. 2, 1928.

Rehearing Denied Aug. 3, 1928.

Bryan Marsh and Marsh & McIlwaine, all of Tyler, for appellant.

Cone Johnson and Edwards & Hughes, all of Tyler, for appellees.

WILLSON, C. J. (after stating the facts as above.) At the trial appellant objected to the instructions set out in the statement above, in connection with the first and second special issues submitted to the jury, on the ground that same (1) were "general charges"; and (2) were erroneous in particulars specified.

It has been repeatedly held that the provision in the statute applicable (to the first-mentioned ground of the objection), that "in submitting special issues the court shall submit such explanations and definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues" (article 2189, R. S. 1925), renders a general charge improper when a case is submitted on special issues. Appellant cites a number of cases so holding, among them being Ry. Co. v. Harrington (Tex. Com. App.) 235 S. W. 188. In that case it appeared the deceased was killed at a crossing as a result of a collision between an automobile he was riding in and a locomotive. The vice in the refused

requested instructions (as construed by the Commission of Appeals) was that (had they been given) they would have directed the jury (in effect) on conditions stated to find that the deceased was guilty of contributory negligence, which finding would have required the rendition of a judgment in the defendant's favor. That being true, the Commission of Appeals held the instructions to be general ones, and that the trial court therefore did not err when he refused to give same to the jury.

In the instant case the instructions in question required the jury, on conditions stated, to find that Pearce was not appellant's employee acting within the scope of his employment at the time he killed Clayton Hudson. Such findings would have required the rendition of a judgment in appellant's favor. It is apparent, therefore, that, by the test applied in the Harrington Case, the instructions complained of in this one were general ones, and it was error to give them to the jury.

In Oil Co. v. McLean, 280 S. W. 557, another case cited by appellant, the Commission of Appeals held that, unless the contrary clearly appeared, injury from the giving of a general charge would be presumed where a case was submitted on special issues. It would seem, therefore, that the judgment in the instant case ought to be reversed unless the error in giving the instructions should be treated as harmless, or, if it should not be so treated, unless appellant is estopped from claiming anything on account thereof.

■ With the holdings of the Commission of Appeals on the former appeal in mind, we are inclined to think appellees' contention that the giving of the instructions, if error, should be treated as harmless, because it conclusively appeared from the evidence that Pearce was appellant's employee and acted within the scope of his employment when he killed Clayton Hudson, should be sustained.

■ The contention that appellant is estopped from claiming a right to have the judgment reversed because of the error (if it was one) in giving the instructions, is based on the fact (it is asserted) that appellant itself requested the court to give instructions subject to objection on the ground it urges against those it complains of, and in that way invited the error of which it complains. As supporting their contention, appellees refer to special charges requested by appellant, numbered 3, 4, 5, 6, 7, and 8 in the record. Nos. 3, 4, 5, and 6, had they been given, would have instructed the jury on conditions specified to answer question 1 submitted to the jury "No," and Nos. 7 and 8, had they been given, would have required the jury on conditions specified to answer question 2 "No." Had either of those questions been so answered, appellant would have been entitled to the rendition of a

judgment in its favor. So, it seems, by the test applied in the Harrington Case, the refused special charges, like the instructions appellant complains of, were subject to objection on the ground that they were "general" and that appellant therefore is in a position where it has no right on the ground specified to complain of the instructions given by the court. Texas Mexican Ry. Co. v. Canales (Tex. Civ. App.) 299 S. W. 668; Ran v. Bank (Tex. Civ. App.) 272 S. W. 510.

We do not think the instructions were subject to objection on the other ground urged to them, to wit, that they contained erroneous statements of the law in particulars specified.

■ Appellant specially excepted to the part of appellees' petition set out in the statement above, "for the reason," it was stated:

"That the facts so alleged are irrelevant and immaterial, in that the petition shows that decedent was not in the service of defendant at the time he was killed and was not a fellow servant of the said Pearce, and defendant therefore could not be guilty of negligence as to plaintiffs, or their said son, in failing to use ordinary care in the selection and retention of the said Pearce in its said service,"

—and complains here because the exception was overruled. We do not think the assignment presenting the contention should be sustained. It was provided in the statute (chapter 109 of the General Laws 1921, p. 212) in force at the time of the homicide that—

"When an injury causing the death of any person is caused by the wrongful act, neglect, carelessness, unskillfulness, or default of the proprietor, owner, charterer or hirer of any industrial or public utility plant, or any railroad, street railway, steamboat, stage coach, or other vehicle for the conveyance of goods or passengers or by the unfitness, wrongful act, neglect, carelessness, unskillfulness, or default of his, their, or its servants or agents, such proprietor, owner, charterer, or hirer shall be liable in damages for the injuries causing such death."

It will be noted that by the terms of the statute the liability of the owner of a railroad is not alone for damages for the death of one of its servants caused by the "unfitness, wrongful act, neglect, carelessness, unskillfulness or default" of another one of its servants or agents, but is for the death of any person so caused, without respect to whether such person is its servant or employee or not. Appellant cites Barrow v. Barclay (Tex. Civ. App.) 269 S. W. 235, as a case supporting its contention, but we think it does not do so. The holding in that case was merely that, "under the issues raised by the pleadings of both parties and the evidence adduced by them, it would have been error" to submit an issue as to whether the sheriff was negligent in appointing the depu-

ty who shot the deceased. Such being the holding of the Court of Civil Appeals in that case, we do not think it can be said to have been in conflict with the holding of the Commission of Appeals in Ry. Co. v. Carter, 261 S. W. 135, where a contention similar to the one made in this case, and arising on a like state of facts, was determined by the Commission of Appeals. "Plaintiffs in error," said the court in the Carter Case, "take the position that: 'When no special relationship exists between the company and the person killed, a railway company owning and operating a railroad is not liable for the willful and intentional killing of a person by the railway company's servant.' We cannot agree with this contention, for the reason that the jury found that the servant was an unfit person to perform his duties, was continuing in his duties at the time of the shooting, and that his unfitness was the proximate cause of the death of Carter, and that plaintiffs in error by the use of ordinary care could have, prior to Carter's death, ascertained that the flagman was an unfit servant, which brings the case clearly within the provisions of article 4694, Revised Civil Statutes." It would serve no useful purpose for us to stop to inquire whether the holding in the Carter Case was correct or not, for, if we concluded it was not, we would feel that we were nevertheless bound to follow it.

■ It follows from the overruling of the assignment complaining of the action of the court below in refusing to sustain the exception questioning the sufficiency of the part of appellees' petition specified, that we think the assignment complaining of the action of said court in admitting, over appellant's objection, evidence that the reputation of Pearce "for peace and quietude" was bad also should be overruled; for the only ground of the objection to the evidence was that it "was irrelevant and immaterial, for the reason that deceased was not in the service of appellant and was not a fellow servant of Pearce when he was killed."

■ And from the holding that appellees were entitled to rely upon "unfitness" of Pearce as a ground of the recovery they sought, we think it follows that the court below did not err when, over appellant's objection on grounds specified, he admitted the evidence of specific declarations, acts, and conduct on Pearce's part tending to establish such unfitness, referred to in the sixth proposition in appellant's brief that it was error "for the court to permit appellees' attorneys to introduce evidence as to Pearce's mistreatment of other persons and his declarations made at other times than when he killed Hudson, for the reason that they were not a part of the res gestæ." We think the evidence was admissible under the doctrine "sustained," said Mr. Labatt (3 Master and Servant, p. 2885, where many cases are cited), "by a considerable array of authorities" and recognized by the courts of this state. Cunningham v. Ry. Co., 88 Tex. 534, 31 S. W. 629; Ry. Co. v. Branch (Tex. Civ. App.) 56 S. W. 542; Ry. Co. v. Patton (Tex. Sup.) 9 S. W. 175.

It is insisted the verdict and judgment based thereon are excessive, but there is nothing in the record indicating that in determining the amounts of their verdict the jury were influenced by anything they did not have a right to consider. Baker v. Harmon (Tex. Civ. App.) 254 S. W. 517. That the careful and able judge who tried the case gave proper attention to the contention when it was presented to him in the motion for a new trial is shown by the fact that the motion was overruled only after appellees had filed a remittitur of $1,500 of the amount found by the jury in favor of appellee W. H. Hudson. That judge was in a better position than we are in to determine the question presented; and we are not willing, on the record sent to this court, to substitute our judgment for his and the jury's by holding the judgment as finally rendered to be excessive.

The judgment is affirmed.