RAMSEY v. ODIORNE et al.   (No. 6051.)

(Court of Civil Appeals of Texas. Austin. March 19, 1919.)

1. LANDLORD AND TENANT ⬅200(1)—RENT—TERMINATION OF LEASE—INSTALLMENTS.

A lease of land for pasturage purposes for one year at a rental of $6,000 payable in installments, $600 down and $600 a month for five months and $480 a month for five months, terminable on notice if the landlord should sell, *held* a lease at $500 per month, and, where terminated by sale at end of five months, lessee, having paid $3,000, was entitled to a return of $500.

2. LANDLORD AND TENANT ⬅185—LEASE—CONSTRUCTION.

Under a lease of a ranch for pasturage for one year at $500 per month, terminated under the terms of the lease after five months by reason of a sale of the premises, lessee should pay for first month of term, although he did not use or occupy premises that month.

Appeal from District Court, Lampasas County; F. M. Spann, Judge.

Action by J. E. Odiorne against J. C. Ramsey, who brought cross-action against F. F. Edwards. From an adverse judgment, defendant appeals. Affirmed.

Word & Walker, of Lampasas, for appellant.

J. C. Abney, of Lampasas, for appellees.

### Findings of Fact.

JENKINS, J.   Appellant and appellee, Odiorne, entered into the following written contract:

"This lease contract made and entered into by and between J. C. Ramsey of Lampasas county, Texas, party of the first part, and J. E. Odiorne of the county of San Saba, Texas, party of the second part, witnesseth:

"That party of the first part has and does by these presents lease and demise unto the party of the second part, his ranch, consisting of 11,000 acres of land situated in San Saba county, Texas, and known as the J. C. Ramsey ranch, for the term of one year from the 1st day of May, 1916. And the said J. E. Odiorne, party of the second part, in consideration of the lease and use of said lands, does agree to pay to the said J. C. Ramsey the sum of six thousand dollars, payable as follows, to wit: $600.00 in cash on the signing of this contract, the receipt of which is acknowledged; the sum of $600.00 on the 1st day of June, 1916; $600.00, July 1st, 1916; $600.00 on August 1st, 1916;

$600.00, on Sept. 1st, 1916; $600.00, on Oct. 1st, 1916; and thereafter on the first of each succeeding month the sum of $480.00, to-wit: on Nov. 1st, 1916, Dec. 1st, 1916, and Jan. 1st, Feb. 1st and March 1st, 1917, evidenced by the 10 promissory notes of the said J. E. Odiorne, payable on the dates above mentioned, with interest at 10 per cent. per annum after maturity.

"It is understood and agreed that in case of sale of said ranch property by J. C. Ramsey, the said Odiorne is to deliver the possession thereof upon notice given him of such sale as much. as ninety days, and shall not be required to pay the unearned lease money, but shall pay only for the time he so uses said lands under this lease, when such possession is given.

"It is further agreed, and the said J. C. Ramsey does hereby grant to the said J. E. Odiorne the option to buy said lands at the price of $7.00 per acre, for six months from said May 1st, 1916, and to further give and grant the said Odiorne the refusal to buy said lands at any price he the said Ramsey may be offered during the period of 12 months from May 1st, 1916. Failure to pay any of said notes at maturity shall mature all at option of the holder thereof. And the statutory lien on the stock that may be run on said lands is hereby acknowledged to secure the payment of said notes.

"Witness our hands, this the 25th day of May, A. D. 1916.

"[Signed] J. C. Ramsey.
"J. E. Odiorne."

This case was tried before the court without a jury. The court filed the following findings of fact, which are supported by the evidence, and for that reason are adopted by us as the facts in this case:

"(1) The court finds that on May 25, A. D. 1916, the plaintiff, J. E. Odiorne, and the defendant J. C. Ramsey, entered into a lease contract set out in full in the answer of the defendant J. C. Ramsey, for which lease the plaintiff, J. E. Odiorne, agreed to pay the defendant the sum of $6,000 for the term of one year from May 1, A. D. 1916, the payments to be made as specified in said contract.

"(2) The court further finds that said pasture land covered by the above-mentioned lease had not been pastured and the grass had been growing on the same from the 1st day of April, A. D. 1916, and that said premises were leased by the plaintiff, Odiorne, for the purpose of pasturing cattle thereon; and that the condition of the grass and the fact that it had not been pastured from said date, and that the grass had been permitted to grow on said land, was an inducement for the entering into said lease contract and for the payment of said stipulated sum of $6,000 from the time said contract was signed, executed, and dated until the expiration of the same one year from May 1, A. D. 1916.

"(3) The court further finds that after the 25th day of May, A. D. 1916, to wit, on June 1, A. D. 1916, the plaintiff had the privilege of taking possession of said leased property and did thereafter, about the 10th day of June, A. D. 1916, take actual possession of said premises and continue in possession thereof until October 1, A. D. 1916, on which date he surrendered possession of said premises to one F.

F. Edwards, in pursuance of the written request made by the defendant J. C. Ramsey, on the 30th day of August, A. D. 1916.

"(4) The court finds that after the execution of said lease contract and prior to October 1, A. D. 1916, the said plaintiff, J. E. Odiorne, paid to defendant J. C. Ramsey the sum of $3,-000 as rental under said lease contract, said payments being made on different dates and at the times and in the manner as stipulated in said rental or lease contract.

"(5) The court finds that by the terms of said lease or rental contract, in case of a sale of said properties covered by said lease, by the owner thereof, J. C. Ramsey, the said plaintiff, J. E. Odiorne, was to deliver possession thereof upon notice of such sale given him, within 90 days after said notice was served upon him by the said J. C. Ramsey, and that in case of such sale and notice properly given in accordance with the stipulations of said lease contract, that the said J. E. Odiorne was only to pay for the proportionate time from the beginning of the term of said lease to the date of surrender of said premises, as compared with the whole time of the lease, i. e., to pay to the said Ramsey such proportion of said $6,000 for the entire time as the time prior to the surrender of said lease contract should compare with the time subsequent to the surrender of said lease contract or the proportionate part of said term.

"(6) The court further finds that on the 28th day of August, A. D. 1916, the said J. C. Ramsey, defendant, contracted with one F. F. Edwards, another defendant in this cause, to sell him said leased land and premises, and, by the terms of said contract of sale of said leased premises, the said F. F. Edwards agreed to accept said land subject to said lease contract, beginning October 1, 1916, and the said Ramsey reserved unto himself the benefit of said lease contract up to October 1, A. D. 1916.

"(7) The court further finds that on August 30, A. D. 1916, the defendant J. C. Ramsey delivered to the said plaintiff, J. E. Odiorne, a written notice in writing, in strict conformity with the stipulations of said lease contract, advising and informing him, the said J. E. Odiorne, that the leased premises covered by said lease had been sold by him, the said J. C. Ramsey, to the said F. F. Edwards, and said notice did demand, in accordance with the terms and stipulations of said lease, the possession of said leased premises within 90 days from August 30, A. D. 1916.

"(8) The court further finds that in accordance with the stipulations of said lease contract, and in compliance with said written notice given, made and served by the said J. C. Ramsey on the said J. E. Odiorne, the said J. E. Odiorne did surrender possession of said leased premises on the 1st day of October, A. D. 1916, and did deliver the same to the said F. F. Edwards as heretofore found.

"(9) The court further finds that the period of time from the 1st day of May, A. D. 1916, the commencement of the term of said lease, to the 1st day of October, A. D. 1916, was five-twelfths of the entire term of said lease.

"(10) The court further finds that before the institution of this suit, the plaintiff, J. E. Odiorne, made demand upon the defendant J. C. Ramsey for the return of the unearned lease money paid by the said Odiorne to the said

Ramsey, and that the defendant J. C. Ramsey failed and refused to pay same, or any part thereof.

"(11) The court further finds that there was no stipulation or agreement, express or implied, by which or under which the defendant F. F. Edwards in any manner became liable or bound to the defendant J. C. Ramsey for any part of said lease money."

The court filed the following conclusions of law:

"1. From the foregoing findings of fact, I conclude as a matter of law that the lease contract between the plaintiff and the defendant was for a term of 12 months at an average price of $500 per month and after 5 months of said time had elapsed on October 1, A. D. 1916, or five-twelfths of said entire term had elapsed when possession was surrendered at the written demand as provided in said contract, that the plaintiff, J. E. Odiorne, was only liable for five-twelfths of the consideration for said entire term or for $2,500 of said consideration, and that having paid the defendant J. C. Ramsey $3,000 on said lease, the plaintiff, J. E. Odiorne, is entitled to recover judgment for the sum of $500 with 6 per cent. interest thereon from October 1, A. D. 1916, for which I give judgment in favor of the plaintiff, J. E. Odiorne, and against the defendant J. C. Ramsey.

"2. From the foregoing findings, I conclude that the defendant J. C. Ramsey is not entitled to recover anything against the defendant F. F. Edwards. I therefore give judgment in favor of the defendant F. F. Edwards, and direct that the said J. C. Ramsey take nothing on his cross-action against the said F. F. Edwards."

### Opinion.

[1] The sole question here involved is the proper construction of the contract, as set forth in the findings of fact. We agree with the conclusions of law found by the trial court that the contract was for the lease of the pasture for 12 months at the rate of $500 per month; and that the appellee, Odiorne, having had the use of said pasture only for 5 months, was due on said lease contract the sum of $2,500, and, having paid on said contract the sum of $3,000, he was entitled to a judgment against appellant for the sum of $500, as found and adjudged by the court; and also that, under the facts of the case, the court properly rendered judgment in favor of appellant Edwards.

Appellee objected to the consideration of the findings of fact of the court, for the reason that they were not filed within 30 days after the adjournment of the term of court at which this cause was tried.

If we should sustain this motion, it would make no difference in our judgment herein, for the reason that the statement of facts has been filed, and it supports the findings of the court.

[2] Appellee Odiorne filed a cross-assignment, claiming that he was entitled to a judgment for $1,000, for the reason that the evidence shows that he used the pasture only four months.

Under the lease contract, he was entitled to the use of the pasture from the 1st of May, 1916, and should be required to pay for the same from that time until the 1st of October, which is five months, and he should be required to pay for said time, regardless of the fact whether or not he actually used the pasture during the month of May.

For the reasons stated, the judgment of the trial court is affirmed.

Affirmed.

---

⬉⮞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes