### W. M. MASSIE v. RACHEL L. HUTCHISON ET AL.

#### No. 2595.    Decided May 19, 1920.

#### (222 S. W., 962.)

Evidence—Objection—Request for Charge.

Where evidence objected to was properly admitted, though admissible only for limited purposes, the party complaining is not entitled to reversal for failure of the court to so limit its effect by instructions unless he requested such charge.   (P. 559).

Error to the Court of Civil Appeals for the Seventh District, in an appeal from Floyd County.

Mrs. Hutchison and others sued Massie for recovery of land and appealed from a judgment for defendant. On reversal (159 S. W., 319) Massie obtained writ of error.

*Stephens & Miller* for plaintiff in error.—Where evidence is admissible for one purpose only it is encumbent upon those against whom it might operate to limit its effect by asking appropriate instructions. Walker v. Brown, 66 Texas, 556; Shumard v. Johnson, 66 Texas, 72; Railway Co. v. Johnson, 72 Texas, 95; St. Louis & S. F. Ry. Co. v. George, 84 Texas, 150; Keowne v. Love, 65 Texas, 152; Houston Ry. Co. v. Wilson, 50 S. W., 156; Brinn v. McGregor, 64 S. W., 78; Fort Worth & D. C. Ry. Co. v. Harlan, 62 S. W. 971; Galveston v. Jackson, 54 S. W., 81, 93 Texas, 262; Roos v. Lewyn, 24 S. W., 538; Mutual Life Ins. Co. v. Baker, 31 S. W., 1072; Meyer v. Walker, 82 Texas, 222; Eastland v. Maney, 81 S. W., 574.

*T. P. Adams,* and *Randolph & Randolph,* for defendants in error.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

The defendants in error sued the plaintiff in error in the District Court of Floyd County to recover the title to, and possession of, a section of land in that county. The District Court rendered judgment for plaintiff in error.

It was shown by uncontradicted evidence that at one time the land belonged to Dr. Jones and his wife, and that defendants in error were their heirs and were entitled as such heirs to recover, unless Dr. Jones and wife conveyed the land in 1878 to one C. W. Haxton, under whom plaintff in error Massie claimed.

The evidence offered by plaintiff in error Massie to prove the existence, contents, and destruction of a deed to the land from Dr. Jones and wife to C. W Haxton was entirely circumstantial.

Certain collateral facts having a tendency to support the conclusion that the deed was executed were testified to by the witnesses Marion T. Chase and Angie Idol. Defendants in error objected to the admission of this testimony, but did not ask the trial court to place any limitation thereon, by special charge or otherwise. The Court of Civil Appeals of the Seventh District held that the testimony should not have been excluded, on defendants in error's objection, but reversed the judgment of the district court because of the failure of the presiding judge to give a limiting charge, without request therefor. 159 S. W., 319.

The writ of error was granted to settle the conflict between the decision ordering a reversal of the trial court's judgment for the judge's omission to give an unrequested, limiting charge, with numerous decisions of this court and of other courts of civil appeals.

Shumard v. Johnson, 66 Texas, 72, 17 S. W., 398, is decisive against the action of the Court of Civil Appeals in ordering the reversal of the trial court's judgment. There is is said: ''The contract between Johnson and Durie was objected to in the court below on several grounds, but, in this court, the only complaint is that in admitting the document the court below did not inform the jury of the restricted purposes for which it was allowed. There was no request for such statement of particular uses at the time the paper was put in evidence, or in the final submission of the case to the jury. There was no error in the mere omission of the court to qualify the admission of the contract, of its own motion, without suggestion or request of defendant. . . . The appellant cannot complain here that the court below was not more vigilant for him than he was for himself.''

Some of the cases, wherein this court and the courts of civil appeals have announced the same rule as did Shumard v. Johnson are Walker v. Brown, 66 Texas, 556, 1 S. W., 797; Missouri Pac. Ry. Co. v. Johnson, 72 Texas, 100, 10 S. W., 325; Gulf, C. & S. F. Ry. Co. v. George, 85 Texas, 158, 19 S. W., 1036; Roos v. Lewyn, 5:] Texas Civ. App., 593, 24 S. W., 540; Mutual L. Ins. Co. v. Baker, 10 Texas Civ. App., 515, 31 S. W., 1073; Hartt v. Yturria Cattle Company, 210 S. W., 615.

Because of the error of the Court of Civil Appeals in holding that defendants in error were entitled to have the judgment of the trial court reversed for failure to limit the witnesses' testimony, in the absence of a request that any such limitation be put on the testimony by defendants in error, it is ordered that the judgment of the Court of Civil Appeals be reversed; but, inasmuch as that court has not disposed of defendants in error's assignment of error challenging the sufficiency of the evidence to sustain the judgment for plaintiff in error, it is ordered that this cause be remanded to the Court of Civil Appeals for the determination of that assignment.

*Reversed and remanded to Court of Civil Appeals.*