E. M. RUSSELL V. GREAT AMERICAN
INDEMNITY COMPANY.

No. 6665.   Decided May 13, 1936.
Rehearing overruled June 10, 1936.
(94 S. W., 2d Series, 409.)

*Hart Johnson*, of Fort Stockton, *White & Yarbrough*, of Dallas, for plaintiff in error.

Cited cases used in opinion.

*Collins, Jackson & Snodgrass*, of San Angelo, and *W. C. Jackson*, of Fort Stockton, for defendant in error.|

Since the evidence was sharply conflicting as to the duration of any total incapacity which may have been suffered by Russell, it was error for the court to submit to the jury special issue No. 6, inquiring whether such total incapacity which may have been found would be permanent, over the objection of the defendant, seasonably made, to the effect that such issue was on the weight of the evidence, and as worded did lead the jury to believe that the court was of the opinion that the incapacity therein inquired about in fact existed at the time of the trial. Monzingo v. Jones, 34 S. W. (2d) 662; Texas Power & Light Co. v. Culwell (Com. App.), 34 S. W. (2d) 820; Texas & Pac. Ry. Co. v. Bryan, 15 S. W. (2d) 1098.

MR. JUSTICE CRITZ delivered the opinion of the court.

This is a compensation suit. It appears that E. M. Russell sustained injuries in the course of his employment while working for one E. D. Porter. The injuries were sustained on the 20th of June, 1932. Great American Indemnity Company was Porter's compensation insurance carrier. The Industrial Accident Board duly made an award. Russell was dissatisfied therewith and duly perfected his appeal to the District Court of Pecos County, Texas, the court having jurisdiction. The case was finally tried in that court, where it was submitted to a jury on special issues. Based on the answers of the jury to such issues, judgment was entered awarding Russell compensation at the rate of $9.69 per week for 401 weeks, for permanent total disability. On appeal by the Indemnity Company this judgment was reversed and the cause remanded. 63 S. W. (2d) 402. Russell brings error. At this point we deem it advisable to quote from the trial court's charge Special Issues Nos. 1 to 6, inclusive, including the jury's answers thereto.

*"Special Issue No. 1:*

"Do you find from a preponderance of the evidence that

plaintiff, E. M. Russell, sustained personal injuries on or about the 20th day of June, 1932? Answer yes or no.

"Answer: Yes.

*"Special Issue No. 2:*

"If you have answered Special Issue No. 1 'Yes,' then you will answer the following special issue, but if you have answered Special Issue No. 1 'No,' you need not answer Special Issue No. 2:

"Do you find from a preponderance of the evidence that such injuries, if any, sustained by the plaintiff, E. M. Russell, on or about June 20th, 1932, were sustained by him while working as an employee of E. D. Porter? Answer yes or no.

"Answer: Yes.

*"Special Issue No. 3:*

"If you have answered Special Issue No. 2 'Yes,' then you will answer Special Issue No. 3; but if you have answered Special Issue No. 2 'No,' you need not answer Special Issue No. 3:

"Do you find from a preponderance of the evidence that such injuries, if any, sustained by plaintiff, E. M. Russell, on or about June 20th, 1932, were received by him in the course of his employment with E. D. Porter? Answer yes or no.

"Answer: Yes.

*"Special Issue No. 4:*

"If you have answered Special Issue No. 3 'Yes,' then you will answer Special Issue No. 4; but if you have answered Special Issue No. 3 'No,' you need not answer Special Issue No. 4:

"Do you find from a preponderance of the evidence that plaintiff, E. M. Russell, sustained total incapacity on or about June 20th, 1932? Answer yes or no.

"Answer: Yes.

*"Special Issue No. 5:*

"If you have answered Special Issue No. 4 'Yes,' then you will answer Special Issue No. 5; but if you have answered Special Issue No. 4 'No,' you need not answer Special Issue No. 5:

"Do you find from a preponderance of the evidence that such total incapacity, if any, sustained by E. M. Russell on or about June 20th, 1932, naturally resulted from the injuries, if any, received by him on said date? Answer yes or no.

"Answer: Yes.

*"Special Issue No. 6:*

"If you have answered Special Issue No. 5 by 'Yes,' then

answer the following special issue, but if by 'No,' you need not answer this special issue:

"Do you find from a preponderance of the evidence that said total incapacity, if any, sustained by plaintiff, E. M. Russell, on or about the 20th day of June, 1932, will be permanent? Answer yes or no.

"Answer: Yes."

The Indemnity Company excepted to Issue No. 6, supra, as follows:

"To Special Issue No. 6 for the reason that the same is on the weight of the evidence and as worded the same leads the jury to believe that the court is of the opinion that the incapacity, therein inquired about, in fact exists at this time, and is therefore prejudicial."

The Court of Civil Appeals held that Issue No. 6, supra, was subject to the above exception, and on that ground alone reversed and remanded this cause. This ruling is assigned as error in this Court by Russell. Taking the above-quoted portions of the charge as a whole, we are of the opinion that Issue No. 6 could not have injured the Indemnity Company. The jury had already found that Russell was injured on the 20th day of June, 1932. By its answer to Special Issue No. 6 the jury, in effect, simply found that such injuries were permanent injuries. It will be noted that the objection is that the charge, in effect, assumes that Russell's injuries received on June 20, 1932, still existed on June 25, 1933, when the charge was submitted. It will be admitted that this was a disputed issue. While we think the charge is a little awkward, still we do not believe that it was calculated to impress the jury in the manner complained of. As worded, when considered in the light of the preceding issues, it simply, in effect, asked the jury if the injuries they had already found Russell sustained on June 20, 1932, constituted permanent injuries. In our opinion, the jury could not have understood the charge in any other light. Commercial Standard Insurance Co. v. Walls (Ct. Civ. App.), 56 S. W. (2d) 244; Columbia Casualty Co. v. Kee (Ct. Civ. App.), 11 S. W. (2d) 529; Texas Employers' Ins. Assn. v. Beckworth (Ct. Civ. App. Writ dismissed W. O. J.), 42 S. W. (2d) 827; United States Fidelity & Guaranty Co. v. Brandon (Ct. Civ. App.), 31 S. W. (2d) 846; Employers' Liability Assur. Corp. v. Williams (Ct. Civ. App.), 293 S. W., 210.

We have carefully examined the brief of the Indemnity Company in the Court of Civil Appeals, and in our opinion it

presents no other assignment that will call for a reversal of this case.

The judgment of the Court of Civil Appeals is reversed, and the judgment of the District Court is affirmed.

Opinion delivered May 13, 1936.

Rehearing overruled June 10, 1936.