novation was pleaded by appellant; the case was not tried below on any such theory, and was not briefed or argued in this court on original submission on such theory. Its brief contained no assignment of error presenting such question. The contention comes too late when presented for the first time on motion for rehearing. Jones v. Osbolt (Tex.Civ.App.) 46 S.W. (2d) 422 (writ refused); Bank of Garvin v. Freeman, 107 Tex. 523, 181 S.W. 187; 3 Tex.Jur., § 111, p. 168. However, on its merits, the assignment cannot be sustained. On the undisputed evidence, there was no novation.

We have carefully considered the motions for rehearing, and fully adhere to our holdings announced in our original opinion, as to all parties appellants.

The motions are overruled.

special issues, no objection being urged thereto; the evidence as to the existence, whether or not, of the brokerage contract sued upon was sharply conflicting; the jury could with equal propriety have decided the issue either for appellee or appellant, however, having resolved the conflicts in favor of appellee, and the trial court having approved same and rendered judgment thereon, we would not be justified in disturbing this status.

After a careful consideration of all assignments urged for reversal, and failing to find reversible error, the judgment of the trial court is affirmed.

Affirmed.

### JONES v. HOWELL.

No. 12233.

Court of Civil Appeals of Texas. Dallas.

May 29, 1937.

Rehearing Denied June 26, 1937.

Reasonover & Reasonover and J. T. Barfield, all of Dallas, for appellant.

Renfro & Kilgore, of Dallas, for appellee.

LOONEY, Justice.

R. D. Howell (appellee) sued F. D. Jones (appellant) to recover a brokerage commission. The case was correctly submitted on

### GULF CASUALTY CO. v. FIELDS.

No. 3563.

Court of Civil Appeals of Texas. El Paso.

June 17, 1937.

Rehearing Denied July 8, 1937.

