## HARTFORD ACCIDENT & INDEMNITY CO. v. HARRIS.

### No. 2144.

Court of Civil Appeals of Texas. Eastland.
May 23, 1941.

Rehearing Denied June 13, 1941.

Matthews Blanton, of Abilene, and James C. Wilson, Jr., and Cantey, Hanger, McMahon, McKnight & Johnson, all of Fort Worth, for appellant.

E. M. Overshiner and Doss & Overshiner, all of Abilene, for appellee.

GRISSOM, Justice.

Ewell Harris sued Hartford Accident & Indemnity Company to recover compensation for a period of 12 months as the result of a hernia suffered while working for West Texas Cottonoil Company. The Industrial Accident Board ordered an operation for hernia. The insurer tendered the operation and the employee, Harris, refused it. (This is the second appeal of this case, see Hartford Acc. & Indemnity Co. v. Harris, Tex.Civ.App., 138 S.W.2d 277.)

Special issue No. 1 and the jury's answer thereto, were as follows: "Do you find from a preponderance of the evidence in this case that the claimant, plaintiff herein, Ewell Harris, sustained a personal injury in Abilene, Taylor County, Texas, to-wit; a hernia, by being punched in the belly by the handle of a hand truck, which he was pushing on or about the 18th day of February, 1938? Answer yes or no. Answer: Yes." In answer to other issues the jury found (2) that the hernia appeared suddenly and immediately following the injury; (3) that the hernia did not exist in any degree prior to the injury; (4) that the hernia was accompanied by pain; (5) that when Harris received the injury he was an employee of the West Texas Cottonoil Company; (6) that Harris sustained the hernia in the course of his employment with the West Texas Cottonoil Company; (7) that the hernia was the result of an accident; (13) that at the time of his injury Harris had not worked in the same employment in which he was then working for the same or some other employer substantially the whole of the year immediately preceding the injury. (14) That no other employee of the same class as Harris had worked substantially the whole of the year immediately preceding his injury in the same or similar employment in the same or neighboring places. (15) That $6 was a just and fair average weekly wage.

The remaining issues submitted to the jury and their answers were as follows:

"No. 8. Do you find from a preponderance of the evidence in this case that the injury sustained by Ewell Harris, plaintiff, if any, to-wit; a hernia, on or about the 18th day of February, 1938, resulted in his total incapacity to work for a period of one year from the date of said accident? Answer Yes or No. Answer: Yes.

"No. 9. Do you find from a preponderance of the evidence in this case that such total incapacity for work, if any, of Ewell Harris, plaintiff herein, is permanent? Answer yes or no. Answer: Yes.

"No. 10. From a preponderance of the evidence in this case on what date, if any, do you find that such total incapacity for work, if any, began? Answer this issue by giving the date, if any, otherwise, answer none. Answer: February 18th, 1938.

"No. 11. Do you find from a preponderance of the evidence in this case that the injury sustained by claimant plaintiff Ewell Harris, if any, to-wit; a hernia, if such injury was sustained, on or about the 18th day of February, 1938, was the direct cause of his total incapacity, if any? Answer yes or no. Answer: Yes."

"No. 17. Do you find from a preponderance of the evidence in this case that plaintiff Ewell Harris suffered a partial incapacity to work in that he sustained a hernia on or about the 18th day of February, 1938? Answer yes or no. Answer: No.

"No. 18. Do you find from a preponderance of the evidence in this case that such *partial incapacity for work, if any,* of Ewell Harris, plaintiff herein, is permanent? Answer yes or no. Answer: No."

"No. 20. Do you find from a preponderance of the evidence in this case that the injuries sustained by claimant plaintiff Ewell Harris, if any, to-wit; a hernia, as alleged in plaintiff's pleadings, if such injuries were sustained on or about the 18th day of February, 1938, was the direct cause of his *partial incapacity, if any?* Answer yes or no. Answer: Yes.

"No. 21. Do you find from a preponderance of the evidence in this case that the *partial incapacity for work, if any,* of the plaintiff, Ewell Harris, has continued for one year from date of injury? Answer yes or no. Answer: Yes.

"No. 22. What percentage, if any, do you find from a preponderance of the evidence to be the percentage of such *partial incapacity for work, if any,* of the plaintiff Ewell Harris? Answer by giving the percentage. Answer: 60%.

"No. 23. What do you find from a preponderance of the evidence in this case, did the *partial incapacity of Ewell Harris, if any,* for work begin? Answer by giving the date. Answer: February 18, 1938.

"No. 24. From a preponderance of the evidence in this case how long did such *partial incapacity of Ewell Harris, if any,* continue? Answer by stating time. Answer: From date of injury to present date." (Italics ours.)

Based upon the issues and answers heretofore quoted, appellant presents its first three propositions, contending (1) that the court erred in entering judgment for plaintiff because there were conflicting findings on the issues of total and partial disability; (2) that the court erred in failing to declare a mistrial because of such conflict, and (3) that since the jury found that plaintiff suffered total and partial disability during the same period of time, the answers were conflicting, and, therefore, the court erred in entering judgment for plaintiff.

■ In support of the foregoing propositions, appellant cited Traders & General Ins. Co. v. Ross, 131 Tex. 562, 117 S.W.2d 423. Said propositions are overruled. The findings (No. 1), that plaintiff sustained a hernia by being punched by the handle of a truck, and (No. 8) that the hernia resulted in ·total incapacity for a period of one year, that (No. 9) such total incapacity is permanent, that (No. 10) such total incapacity began on February 18, 1938, and (No. 17) that plaintiff did not suffer partial incapacity, are deemed the controlling issues. Taken in connection with the findings that the injury was sustained in the course of Harris's employment, was an accidental injury, and the finding of the wage rate, they compel a judgment for the plaintiff. The jury having found that plaintiff was totally and permanently disabled, and that he did not suffer partial incapacity, as a result of the hernia, the answers to issues 18, 20, 21, 22, 23 and 24 become immaterial, and were properly disregarded by the court in rendering judgment. Findings relative to "partial incapacity, if any", taken in connection with definite findings that plaintiff was totally incapacitated and was not partially incapacitated as a result of his injury, certainly do not constitute a finding that, as a matter of fact, plaintiff was at any time only partially incapacitated. Such issues were submitted unconditionally. Had they been submitted conditionally, that is, to be answered only in the event the jury found, in answer to issue 17, that plaintiff suffered partial incapacity, it is evident, from the entire verdict, such conditionally sub-

mitted issues would not have been answered. The trial court's unconditional submission of such issues is in accord with the decisions in Southern Underwriters v. Wheeler, 132 Tex. 350, 352, 123 S.W.2d 340; Maryland Cas. Co. v. Foote, Tex.Civ. App., 139 S.W.2d 602, 606, writ refused, and Wright v. Traders & General Ins. Co., 132 Tex. 172, 123 S.W.2d 314.

■ In Texas & P. Ry. Co v. Gillette, Tex.Civ.App., 100 S.W.2d 170, 175, the court said: "In questions of conflict all the issues must be construed together as a whole, and if, when construed as a whole, they admit of more than one reasonable construction, the trial court has power to apply that reasonable construction which it deems proper. First Nat. Bank v. Rush (Tex.Com.App.) 246 S.W. 349. And it is the court's duty to reconcile apparent conflicts in the answers on special issues if it can be reasonably done in the light of the pleadings and evidence. Texas Indemnity Co. v. Bridges (Tex.Civ.App.) 52 S. W.(2d) 1075, writ refused; Texas & P. R. Co. v. Foster (Tex.Civ.App.) 58 S.W. (2d) 557; 41 Tex.Jur. § 360."

This statement has been quoted and the decision cited with approval by the Supreme Court. Our conclusion finds full support in the following authorities: Brokaw v. Collett, Tex.Com.App., 1 S.W.2d 1090, 1092; Casualty Underwriters v. Rhone, 134 Tex. 50, 132 S.W.2d 97; Southland-Greyhound Lines, Inc. v. Richardson, 126 Tex. 118, 86 S.W.2d 731; Howard v. Howard, Tex.Civ.App., 102 S.W.2d 473, 475, writ refused; Yarborough v. Dallas Ry. & T. Co., 128 Tex. 445, 447, 97 S.W. 2d 169; Maryland Cas. Co. v. Jackson, Tex.Civ.App., 139 S.W.2d 631, 633, writ dismissed; Texas Indemnity Ins. Co. v. Staggs, 134 Tex. 318, 134 S.W.2d 1026, 1030; Morris v. Jackson's Model Laundry, Tex.Civ.App., 81 S.W.2d 798, 799, writ refused; Brown v. Dallas Gas Co., Tex. Civ.App., 42 S.W.2d 869, writ refused; Dallas Ry. & T. Co. v. Bankston, Tex.Com. App., 51 S.W.2d 304, 308; 41 Tex.Jur. 1232.

■ Defendant's fourth proposition is that the court erred in submitting the issue of total disability because there was no evidence upon which a finding of total disability could be based. After a carefull consideration of the testimony, we have concluded there is evidence from which the jury could find that as a result of the hernia plaintiff was unable to obtain and retain employment. The proposition is overruled.

■ Defendant's fifth proposition is that the court erred in submitting special issue No. 1 because said issue was duplicitous. The substance of the defendant's objection to issue No. 1 was: "The defendant objects * * * to special issue No. 1, for the reason that said issue is duplicitous, in that it asks, (1) whether the plaintiff sustained a personal injury; (2) it asks whether or not said personal injury was sustained by being punched * * by the handle of a hand truck * * and (3) asks whether he was pushing same on the 18th day of February, 1938." Defendant then insisted that if any special issue should be submitted, which it denied, that special issue No. 1 should read: "Do you find from a preponderance of the evidence, that plaintiff, Ewell Harris, sustained an injury, as that term has been herein defined to you, on or about the 18th day of February, 1938?" There was no controversy about the date of the injury. The undisputed evidence shows that he received but one injury and that such injury, if any, was a hernia, caused by being punched with a handle of a truck. Plaintiff's case was based, both in allegation and proof, upon his contention that he sustained a hernia on that date. If he then sustained a hernia, it was a personal injury. The court, in the manner in which it submitted said issue, was simply attempting to confine the jury to the particular kind of injury contended for by the plaintiff, and was trying to avoid the submission of the general question of whether or not plaintiff sustained an injury of any kind. See 45 Tex.Jur. 849, 850; Traders' & General Ins. Co. v. Line, Tex.Civ.App., 70 S.W.2d 787, writ dismissed; New Amsterdam Cas. Co. v. Rutherford, Tex.Civ.App., 26 S.W. 2d 377; Traders' & Gen. Ins. Co. v. Low, Tex.Civ.App., 74 S.W.2d 122, writ refused. There was, in fact, but one issue; that is, one disputed question of fact submitted by said issue, and that was whether plaintiff sustained a hernia by being punched by the handle of a truck.

Defendant's sixth proposition is that the court erred in submitting special issue No. 8, because said issue was duplicitous. The defendant's objection to the submission of said issue was as follows: "The defendant objects to special issue No. 8 for the reason, first, that it constitutes a comment on the weight of the evidence, in that it leads

the jury to believe that the court is of the opinion that the plaintiff did sustain a hernia on or about the 18th day of February, 1938; and further inquires whether or not said hernia resulted in an additional incapacity to work; and is further duplicitous, in that it asks whether or not such a period of total incapacity to work existed for a period of one year from the date of the accident."

In its brief, defendant contends said issue submitted to the jury two disputed questions; that is, whether Harris's injury (1) resulted in his total incapacity, and (2) whether Harris's injury caused him to be incapacitated for one year. If the issue be susceptible of such construction and in fact constituted a submission of said two disputed questions, certainly the quoted objection was insufficient to clearly and distinctly point out such defect so as to call its attention to the trial court. Texas & P. Ry. Co. v. Dickey, Tex.Civ.App., 70 S.W.2d 614, writ refused; Hartford Acc. & Ind. Co. v. Frye, Tex.Civ.App., 55 S.W.2d 1092, 1095, writ dismissed; Isbell v. Lennox, 116 Tex. 522, 525, 295 S.W. 920; 41 Tex.Jur. 1063; 3 Tex.Jur. 212; Speer's Special Issues, 396.

Defendant next contends, by its seventh proposition, that the trial court's language in issue No. 8 constituted a comment on the weight of the evidence by the court "in that it leads the jury to believe that the court is of the opinion that plaintiff did sustain a hernia on or about the 18th day of February, 1938." Defendant says that the phrase "to-wit, a hernia" constituted a comment on the weight of the evidence, in that it assumed if Harris sustained an injury, it must have resulted in a hernia. We think the issue is not fairly susceptible to such a construction. On the other hand, as heretofore pointed out, the court was merely attempting to confine the jury to a consideration of the particular injury alleged, to-wit, a hernia.

Defendant contends, in its eighth proposition, that issue No. 17 was duplicitous. The defendant's objection to said issue was as follows: "The defendant objects to special issue No. 17, pertaining to partial incapacity to work, in that it does not require the jury to be governed by the definition of the term 'partial incapacity to work', as defined by the court, and as requested by the defendant to be defined by the court, for the reason that same is a comment on the weight of the evidence, in that it states that the plaintiff suffered a partial incapacity to work as a result of the hernia received—the question being duplicitous, and should pertain only to partial incapacity as a result of injuries; and the defendant submits that the question, if it is to be submitted, should be as follows: 'Do you find from a preponderance of the evidence that the plaintiff sustained partial incapacity to labor, as that term has been herein defined, as a natural result of the injuries, if any you have found, sustained by him on or about the 18th day of February, 1938?'"

We think the objection insufficient to point out wherein the issue was duplicitous. The jury had theretofore found that plaintiff sustained a hernia on the 18th day of February, 1938, and the jury answered issue No. 17 "no." Under the circumstances, if the objection should be deemed sufficient, we think it is evident that no injury could have resulted to the defendant.

Defendant's ninth proposition is that issue No. 17 constituted a comment on the weight of the evidence. The objection relative thereto was "that same is a comment on the weight of the evidence, in that it states that the plaintiff suffered a partial incapacity to work as a result of the hernia received * * *." We think that the court did not state to the jury in the submission of said issue that "plaintiff suffered a partial incapacity to work as a result of the hernia received." However, if it should be so construed, it could not have injured the defendant because the jury found directly contrary to the alleged statement or instruction by the court. In other words, defendant says that the court told the jury that the defendant suffered a partial incapacity, but the jury found that the plaintiff did not suffer partial incapacity. The verdict, of course, must be construed as a whole, and when so construed, we think it is not fairly susceptible of the construction given it by the defendant. See Russell v. Great American Indemnity Co., 127 Tex. 458, 94 S.W.2d 409, 410.

We think reversible error is not shown.

The judgment of the trial court is affirmed.