## SNODGRASS v. ROBERTSON et al.

### No. 2314.

Court of Civil Appeals of Texas. Eastland.

Dec. 18, 1942.

Rehearing Denied Jan. 15, 1943.

E. M. Critz, of Coleman, for appellant.

Baker & Baker and R. E. Murphey, all of Coleman, for appellees.

LESLIE, Chief Justice.

D. L. Snodgrass, Trustee of the Estate in Bankruptcy of H. A. Robertson, instituted this suit in trespass to try title against said

536

H. A. Robertson and wife, Lillie Robertson, and his brother, R. C. Robertson, to recover a ⅙ interest in 532 acres of land described in plaintiff's petition. The defendants answered by general demurrer and plea of not guilty and alleged that a certain deed of trust in question was executed more than four months before the bankruptcy of H. A. Robertson.

The opinion in this case on a former appeal, 137 S.W.2d 146, 148, disposes of all the questions of the validity and effect of said deed of trust and that instrument is not involved in this appeal.

This cause was tried before the court and jury. On answers of the jury to special issues, judgment was rendered that plaintiff take nothing. Plaintiff appeals, insisting that the court committed twelve reversible errors in the trial.

J. A. Robertson and his wife were the parents of the six Robertson children mentioned in this litigation, and at a time when each of them owned a ⅙ interest in the 532 acres of land involved, R. C. Robertson by deed dated April 15, 1932, conveyed to Lillie Robertson, wife of H. A. Robertson "all of his" undivided right, title, interest, and estate in said 532 acres described by metes and bounds in a deed from N. L. Robertson to R. C. Robertson et al., dated and filed for record July 23, 1930, and recorded in Vol. 191, page 94, Deed Records of Coleman County, Texas.

This deed from R. C. Robertson to Lillie Robertson, of date, April 15, 1932, recited as consideration $5 and "the further consideration of the love and affection which I have for said Lillie Robertson, she being my sister-in-law; and in further consideration of the fact that my wife, Frances Ann Robertson, is about to procure a divorce from me, the said R. C. Robertson, in the District Court of Tom Greene County, Texas, and my sister-in-law has promised and agreed to take charge of and care for and maintain my son, Ralph Frank Robertson after said divorce is granted, and it being my purpose to make some payment and remuneration to the said Lillie Robertson for her trouble, care, and loving interest in so caring for and looking after my said son."

R. C. Robertson in said deed conveyed his ⅙ interest to Lillie Robertson "to and for her own separate use, benefit and estate, with covenants of general warranty."

Thereafter, on May 16, 1935, said H. A. Robertson and wife, Lillie Robertson, deeded to R. C. Robertson an undivided ⅙ interest in the same 532 acres and described it as "that certain ⅙ undivided interest in and to 532 acres of land * * * fully described in a deed from N. L. Robertson to R. C. Robertson et al., dated July 23, 1930, and recorded in Vol. 191, page 94, Deed Records of Coleman County, Texas * *." (The 1932 and the 1935 conveyances each merely refers to a ⅙ interest in a tract of land described by metes and bounds in the deed from N. L. Robertson to R. C. Robertson, et al., recorded in Vol. 191, page 94.

In the outset this deed of May 16, 1935, from H. A. Robertson and wife to R. C. Robertson recites: "That I, H. A. Robertson, joined by my wife, Lillie Robertson, * * * for and in consideration of the sum of $1 to us paid by R. C. Robertson and other good and valuable consideration, have granted, sold and conveyed, etc." This instrument is not one reciting that H. A. Robertson joined pro forma in a deed by his wife.

The appellant contends that this 1935 deed by H. A. Robertson and wife, Lillie Robertson, reconveyed to R. C. Robertson the same land which R. C. Robertson first conveyed to Lillie Robertson by deed of April 15, 1932, and that H. A. Robertson at said dates and at all times owned and continued to own the ⅙ interest in the 532 acres of land originally inherited by him, and that he owned the same at the date of his taking bankruptcy, December 28, 1937, and that he failed to list the same as an asset of his estate. The recovery of that alleged asset is the object of this suit by the trustee in bankruptcy.

On the other hand, the appellees contend that the conveyance of May 16, 1935, was not a conveyance to R. C. Robertson of the ⅙ interest he conveyed to Lillie in 1932, but that this deed of May 16, 1935, was a conveyance of H. A. Robertson's original and inherited ⅙ undivided interest in the 532 acres, and that the consideration therefor was payment in part of various loans of money R. C. Robertson had theretofore made to H. A. Robertson.

Appellees throughout the trial and in this court contended that the 1932 deed was made to Lillie Robertson in her separate right at the direction of her husband, H. A. Robertson, and was conveyed so as to become, in fact, her separate property for the reason that during the married life of himself and Lillie she inherited $800, which he had borrowed or used, and the deed of April 15, 1932, amounted to a repayment or

reimbursement of said $800. That is, the services rendered and to be rendered in caring for R. C. Robertson's son was recognized as community property within itself, and $800 thereof was in said manner devoted to a reimbursement by said community property of Lillie's said separate funds theretofore appropriated by said husband for their community estate.

It was appellees' further contention that there is no evidence in this record to show that H. A. Robertson was insolvent or contemplating bankruptcy at the time said reimbursement was made or the execution of the deed of April 15, 1932. They contend that the evidence conclusively shows that a contrary situation existed at that time, and we believe the record supports that conclusion.

The appellees interpret the transaction evidenced by the execution of the first deed in this language: "There were two contracts entered into on April 15, 1932,—one between R. C. Robertson and H. A. Robertson and wife, a written contract, and an oral contract between Lillie Robertson and her husband, by the terms of which Lillie Robertson's separate estate was reimbursed for the money advanced to the community estate. Since at that time, April 15, 1932, and later, when H. A. Robertson deeded his separate interest to R. C. Robertson, the creditors, if he (H. A. Robertson) had any, were not pressing him, and he, so far as the record reveals, was not contemplating bankruptcy or evasion of his debts, if any he owed at the time, and it was not proven that he owed any at either date, he (H. A. Robertson) had the right, and did instruct the vendor in the deed of April 15, 1932, to convey the interest in the land to his wife as her separate property."

Appellant's first two assignments go to the very gist of this law suit. He contends that at all times, from the date he inherited it, down to December 28, 1937, when he filed his petition in bankruptcy, H. A. Robertson owned his originally inherited undivided ⅙ interest in said 532 acres of land, and that his title thereto was in no way divested or affected by the deeds or transactions of April 15, 1932, and May 16, 1935. That the verdict and the judgment, insofar as either finds or holds, respectively, to the contrary is erroneous.

As stated, the case was presented to the jury on special issues. The following verdict was returned:

Special Issue No. 1:

Do you find from a preponderance of the evidence that the ⅙ interest in the 532 acres of land conveyed by H. A. Robertson and wife, Lillie Robertson, to R. C. Robertson on or about May 16, 1935, was the same interest in said 532 acres of land that was conveyed by R. C. Robertson to Mrs. Lillie Robertson by deed dated April 15, 1932?

Answer: No.

Special Issue No. 2:

Do you find from a preponderance of the evidence that the consideration for the deed from R. C. Robertson to Mrs. Lillie Robertson, of date April 15, 1932, was for the care and maintenance of the son of R. C. Robertson, to be rendered by the said Mrs. Lillie Robertson?

Answer: Yes.

Special Issue No. 3:

Do you find from a preponderance of the evidence that the consideration for the deed from R. C. Robertson, to Mrs. Lillie Robertson, of date April 15, 1932, was the sum of $800 which Mrs. Lillie Robertson, out of her separate funds had turned over to her husband H. A. Robertson?

Answer: Yes.

Special Issue No. 4:

Do you find from a preponderance of the evidence that after the execution of the deed from R. C. Robertson, to Mrs. Lillie Robertson, of date April 15, 1932, that H. A. Robertson agreed with his wife, Mrs. Lillie Robertson, that she should have the ⅙ interest in the 532 acres of land as her separate estate in payment of the $800 turned over to him out of her separate estate?

Answer: Yes.

■ We have carefully considered the record in the light of the above contentions, and we readily conclude that it cannot be said as a matter of law that the 1935 conveyance was a reconveyance to R. C. Robertson of his ⅙ original interest in the land and which he had theretofore conveyed to Lillie Robertson by deed of April 15, 1932. Certainly the testimony does not conclusively establish such contentions by the appellant.

Further, and in answer to the first issue, the jury found the 1935 conveyance was not a reconveyance of the same ⅙ interest originally owned by R. C. Robertson and conveyed by him to Lillie Robertson, April

15, 1932. The evidence supports the jury's answer and it occurs to us that the finding is decisive of the controlling issue in this law suit. Since it is undisputed that H. A. Robertson, along with his brothers and sisters, inherited a ⅙ interest in the 532 acres, and he joined in the conveyance of no other ⅙ interest, except the one evidenced by the deed of 1935, and it is definitely showed by the evidence and found by the jury that the 1935 conveyance did not reconvey the ⅙ interest embraced in the 1932 deed to Lillie Robertson, then H. A. Robertson must have conveyed by the 1935 deed the ⅙ interest originally inherited and owned by him in his parents' estate. If so, he did not own the same at the time he filed his petition in bankruptcy, December 28, 1937. For the reasons stated, points 1 and 2 are overruled.

■ We overruled point 3, to the effect that issue number 1 and its answer "finds a conclusion of law", without facts to support it. The evidence clearly shows that the 1932 and 1935 deeds each conveyed a ⅙ interest in the same 532 acres, but, as found by the jury, the ⅙ interest was not the same. An issue of fact was involved.

■ As to the consideration for the 1935 conveyance, there is an abundance of evidence to the effect that H. A. Robertson, in part payment of various loans of money theretofore made to him by R. C. Robertson, conveyed to the latter his (H. A.'s) inherited ⅙ interest in the 532 acres. For the same reasons, point 4 is overruled.

■ By point 5 it is insisted that the jury's answer to issue 3 is "contradictory to and inconsistent" with its answer to issue number 2. On the face of these issues and findings, there would seem to be an inconsistence or contradiction, but when read and construed in the light of all the findings and in the light of the pleadings and testimony, no destructive conflict appears. The jury's answers to the special issues show that the consideration moving to R. C. Robertson (1932 deed) from the community estate of H. A. Robertson and wife, Lillie, was in the main the care and support of R. C. Robertson's minor son, and the consideration moving between the community estate of H. A. and Lillie Robertson and said wife's separate estate, was the repayment of the $800 inherited by her and advanced by her separate estate to the community estate of herself and husband, or to him. The evidence supports the finding

or conclusion that the 1932 conveyance was made to serve this double purpose. Such construction removes the appearance of any inconsistency or conflict in said findings, and, as thus interpreted, demonstrates appellees' contention that while the required consideration—care of minor, etc.,—was to be contributed by or paid out of the community property of H. A. Robertson and wife, said Lillie Robertson was being reimbursed for her separate funds ($800) advanced to said community estate as evidenced by the separate property recitals placed in the 1932 deed. Standing alone, these recitals would evidently fix the status of the property as designated in that deed and cast the burden on the appellant to show the contrary, but the other findings and conclusions confirm the nature of the deed and the purpose of the transaction in placing that title in Lillie Robertson as her separate property. Certainly the answers to said issues establish no such conflict as to destroy these findings.

■■ As held in First National Bank v. Rush, Tex.Com.App., 246 S.W. 349, 353, "All the issues must be considered together as a whole. If, when construed as a whole, they admit of more than one reasonable construction, the trial court has power to apply that reasonable construction which he deems proper."

■ "It is the court's duty to reconcile apparent conflicts in the answers on special issues, if it can be reasonably done in the light of the pleadings and the evidence." Graham v. Hines, Tex.Civ.App., 240 S.W. 1015; Texas Indemnity Insurance Company v. Bridges, Tex.Civ.App., 52 S.W.2d 1075; Hartford Accident & Indemnity Company v. Harris, Tex.Civ.App., 152 S. W.2d 857; Yarbrough v. Dallas Railway & Terminal Company, Tex.Civ.App., 67 S.W. 2d 1093. 41 Tex.Jur. page 1224, Sec. 36, and 1940 Supplement.

■ Further, if the 1932 conveyance to Lillie Robertson had, in fact, represented a gift by her husband, H. A. Robertson, of his interest in the consideration—care of the minor—parol evidence would have been admissible under the facts of the case to explain the reason why the title to the ⅙ interest of R. C. Robertson was then (1932) being taken in the name of the wife as her separate property.

■ There is no evidence tending to brand the first conveyance to Lillie Robertson in her separate right as an effort by

H. A. Robertson to defraud his creditors. There is no testimony that he was then contemplating bankruptcy or that he, in fact, owed any debts at that time.

It is a well established rule of law that the separate estate of one spouse must be reimbursed by the community estate for advances from such separate estate. Dakan v. Dakan, 125 Tex. 305, 83 S.W.2d 620; Buford v. Southwestern Life Insurance Company, Tex.Civ.App., 77 S.W.2d 318; Smith et al. v. Buss et al., 135 Tex. 566, 144 S.W.2d 529; Law of Marital Rights in Texas (Speer), Sections 118 et seq.; 336, 341.

It follows that we are of the opinion that the evidence and the findings of the jury require the following conclusions: (1) That the 1932 deed by R. C. Robertson conveyed his inherited undivided ⅙ interest in the 532 acres to Lillie Robertson, and (2) that the 1935 deed conveyed H. A. Robertson's inherited undivided ⅙ interest in the same 532 acres to R. C. Robertson. These conveyances merely convey a ⅙ interest designated in general terms, and there is nothing in the 1935 deed made by H. A. Robertson "joined by my wife, Lillie" that tended in any way to identify that conveyance as involving the same subject as the 1932 deed to her.

Hence, the parol evidence was admissible for the purpose of explaining the intention of the parties as to the subject matter of the conveyances under the circumstances of the three transactions involved. That is, it was proper to explain the reason for the consideration being paid out of the community funds (the value of the care of the minor) and the conveyance being directed to the separate use and benefit of the wife by reason of the community estate owing to her a return of the $800. As held in Higginbotham Cattle Co. v. Whaley et al., Tex.Com.App., 41 S.W.2d 34, 37, "The rule is well established in this state that when there is no ambiguity in the terms of a written contract, parol evidence is inadmissible.

"It is also equally well established that parol testimony is not admissible to vary a written contract; but that such evidence is admissible to explain an ambiguity or an uncertainty or to explain a writing when the explanation is necessary, and the evidence is consistent with the writing, and to ascertain the intention of the parties, when doubtful, or to explain the language or terms used."

That was a case in which "the pleadings and the proof tendered by plaintiffs in error raised the issue of fact as to what was intended by the parties to the contract * * *." The facts of the instant case are an apt illustration of a like situation, wherein it has become material to know the particular ⅙ interest in the land conveyed by the deed in 1935. For other authorities, see Halbert v. Ward, Tex.Civ. App., 61 S.W.2d 162; Willacy County Water Control and Improvement District v. Nelson, Tex.Civ.App., 108 S.W.2d 271; Hart v. Bullion, 48 Tex. 278; 27 Tex.Jur. page 412.

The eleventh assignment of error is addressed to the argument of A. K. Baker, appellees' attorney. The trial court qualified the bill to some extent. Where the bill used "is", the court substituted "may", making the objectionable argument read as follows: "Gentlemen, I want to tell you there is somebody behind this case besides the plaintiff, D. L. Snodgrass. There may be some big corporation behind this case! There may be some big corporation behind this case trying to take this land from the defendants."

The trial court in authenticating this bill of exception, further qualified same as follows:

(1) That appellant himself introduced in evidence "copies of the schedule and lists of creditors * * * filed in the case of H. A. Robertson, Bankrupt", and that the same showed "one or more corporations * * * listed."

(2) That the attorney for the appellant made no objections to the argument at the time it was made and made no request for any instructions to the jury regarding the same.

Much has been written concerning the rule forbidding improper argument of counsel to the jury, objections thereto, failure to object, waiver of same, and other limitations on the general rule. Too many exceptions doubtlessly have been created, and the general rule would seem to be "more honored in its breach, than its observance." Be that as it may, we think a very fair statement of the rule based on the many and various holdings is to be found in 41 Tex.Jur. page 823, section 88, as follows:

"If the argument is such, or was made in such circumstances that, if objection were made at the time counsel could offer explanation therefor which would

540

render the remarks proper, or could make such amends as would render the same undoubtedly harmless, or, if the argument was of such a nature that its proper withdrawal by counsel or instructions to the jury to disregard would cure the error and render any harmful effect free from doubt, then the objections should be made at the time, and failure to object waives the error; whereas, if the argument was such that the converse of the above propositions is true, then it would be idle to say that opposing counsel should have objected at the time."

■ The opinion of our Supreme Court by Judge Critz in Robbins v. Wynne, Tex. Com.App., 44 S.W.2d 946, is cited as authority for the rule, and comments in Texas Law Review, saying: "It is probably settled in Texas civil cases that failure to object at the time is a waiver unless the argument is incurably prejudicial." 12 Texas Law Review 222, (502). 8 Texas Law Review 578.

The Waco Court of Civil Appeals, in an opinion by Judge Alexander in City of Waco v. Rook, 55 S.W.2d 649, 655, confirms the correctness of the rule and applied the same to a state of facts, in effect, the same as in the instant case, and overruled a like assignment of error.

The rule is likewise employed by the Court of Civil Appeals in an opinion by Judge Murray in City of San Antonio et al. v. McKenzie Construction Company, 138 S.W.2d 568, 574, affirmed by Supreme Court, 136 Tex. 315, 150 S.W.2d 989. The argument there made was deemed such that had an objection been made to it at the time, it could have been rendered harmless, etc. A like assignment was there overruled.

Under like circumstances, and dealing with argument of the same nature, an assignment of error was overruled in Texas Employers' Insurance Association v. Bradford, Tex.Civ.App., 62 S.W.2d 158, later affirmed by Supreme Court without opinion. The rule as stated in the Wynne case was quoted and relied upon.

For other authorities, see Wichita Valley R. Company v. Minor, Tex.Civ.App., 100 S.W.2d 1071, 1075, and authorities therein cited. Dallas Railway and Terminal Company v. Little, Tex.Civ.App., 109 S.W.2d 289; Southern Ice & Utilities Company v. Richardson, Tex.Civ.App., 60 S.W.2d 308, reversed on other grounds, Tex.Com.App., 95 S.W.2d 956; Dallas Railway & Terminal Company v. Price, Tex.Civ.App., 94 S.W.2d 884, 892; Baker Company v. Turpin, Tex.Civ.App., 53 S.W.2d 154, 155; Magnolia Pipe Line Co. v. Leach, Tex.Civ. App., 17 S.W.2d 471; Williams v. Rodocker, Tex.Civ.App., 84 S.W.2d 556, 563.

So much for the rule and its exceptions. We now return to the facts of this case, or the argument complained of for an application of the proper test. Bearing in mind the court's qualifications of the bill of exception, and viewing the record as a whole, we are definitely of the conclusion that if objections had been made at the time of utterance of said argument, the same would have been withdrawn, some suitable explanation made or proper instructions to disregard given, if deemed necessary, etc. Dallas Railway & Terminal Company v. Little, Tex.Civ.App., 109 S.W. 2d 289, 295, and authorities supra. The argument, if erroneous at all, was not incurably prejudicial. The point is overruled.

■ Point 12 is directed to alleged prejudicial argument of A. K. Baker, attorney for appellees. In the preamble of the bill of exception, the statement is made that much of said attorney's argument was "devoted to bitter, unprovoked criticism, diatribe and denunciation" of plaintiff's attorney, and that "the court did not instruct the jury to disregard said remarks, or otherwise instruct the jury with reference to the same * * *."

The court examined the bill and certified with reference thereto: "I decline to sign and approve the same or to make any statement as to whether or not the statements contained in said bill are correct, because it is the opinion of the court that said bill is insufficient in that it does not set out the objectionable argument of the Attorney * * * and, therefore, presents nothing for the court to pass on."

In this state of the record, point 12 is overruled. All assignments have been duly considered, and are overruled. For the reasons stated the judgment of the trial court is affirmed.