## HIGHWAY INS. UNDERWRITERS v. SPRADLIN et al.

### No. 2520.

Court of Civil Appeals of Texas. Eastland.

Oct. 12, 1945.

Rehearing Denied Nov. 9, 1945.

182

Strasburger, Price, Holland, Kelton & Miller, of Dallas, for appellant.

Smith & Smith, of Anson, for appellee.

GRISSOM, Justice.

This is a workman's compensation case brought by the surviving widow and children of Walter Spradlin, deceased. Judgment was for the claimants and the insurer has appealed. The judgment is based upon findings that Walter Spradlin sustained an accidental injury while unloading feed from "Slim" Spradlin's truck, on March 28, 1943, while Walter Spradlin was working for Neil Bromley, who had a workmen's compensation insurance policy issued by appellant.

Appellant's first point is that it was reversible error for the court to overrule appellant's objection to the argument of appellees' attorney to the effect that appellant's contention that Walter Spradlin hauled a load of feed to Midland on March 29, 1943 (the day after Walter Spradlin was alleged to have sustained an injury that caused his death), was a "concocted" defense. Appellees' counsel had argued that the testimony of certain doctors tended to show an accidental injury to Walter Spradlin on March 28, 1943, which caused his death. The particular part of said argument which appellant contends constituted reversible error is shown in the Bill of Exception as follows:

"Now then gentlemen, another thing I want to mention to you on that line; they would have you believe that the next day after Walter Spradlin got home that he took another load of feed to Midland. That's a concocted defense. No question about it.

"Mr. Kelton: We ask that that be stricken out.

"Judge Smith: I don't apologize for saying it.

"Mr. Kelton: Just a minute, please. We ask that that be stricken out, no evidence to support it and the jury instructed not to consider it.

"Judge Smith: I—

"Mr. Kelton: Just a minute. That's not proper argument at all.

"Judge Smith: That's my opinion. I have a right to draw my conclusion.

"The Court: Overrule the objection.

"Mr. Kelton: Note our exception."

The ground of objection was that there was "no evidence to support it." We think there was some evidence from which counsel might draw such a conclusion. It is not required that it be a necessary conclusion, or even that it be a logical one. 41 Tex.Jur. 773. Distinguished counsel for appellant assume that appellees' counsel meant to charge them with "framing" a defense to the suit because they had presented testimony that the day following the alleged injury Walter Spradlin hauled a load of feed to Midland. Such interpretation is not required. Appellant asserts that we should, from an examination of the record, conclude that it was appellees' cause of action that was concocted, not the defense. We think this was a matter for the jury to determine.

The testimony of appellees' witnesses, Mrs. Spradlin and Mrs. Young, was to the effect that Walter Spradlin was sick and at home on March 29th, and that he could not have gone to Midland. The testimony of J. D. Spradlin and Riley Reed tends to show that he was sick on March 28th. J. D. Spradlin testified that Walter Spradlin never worked after the trip of March 28th. The testimony of Walter Spradlin's employer tended to show that the deceased hauled a load of feed to Midland on March 29th. If said testimony of appellees' witnesses is true, then the evidence of appellant's witness relative thereto is not true. The necessary effect of counsel's argument was nothing more than that appellees' witnesses were telling the truth and appellant's witness was not. If there had been no evidence from which such a conclusion could have been drawn, an entirely different question would be presented. His argument was based upon evidence, and does not constitute reversible error. "* * * counsel is permitted to denounce acts shown by the evidence or fairly deducible from the facts in evidence * * *." 41 Tex.Jur. 813.

In Moncada v. Snyder, 137 Tex. 112, 118, 152 S.W.2d 1077, 1078, counsel for plaintiff argued that "some power * * * behind the defense" had been unfair in the

case. The Supreme Court held that since the evidence legitimately before the jury disclosed that someone other than the two Mexican convicts, who were defendants, was behind the defense, such argument did not constitute reversible error. Our conclusion finds support in the following authorities: Corn v. Crosby County Cattle Co., Tex.Com.App., 25 S.W.2d 290; Davis v. Hill, Tex.Com.App., 298 S.W. 526; Yellow Cab & Baggage Co. of San Antonio v. Brennan, Tex.Civ.App., 171 S.W.2d 891, 894, writ ref.; Snodgrass v. Robertson, Tex.Civ.App., 167 S.W.2d 534, 539; Ortiz Oil Co. v. Luttes, Tex.Civ.App., 141 S.W. 2d 1050, 1054; Presley v. Wilson, Tex.Civ. App., 125 S.W.2d 654, 658; Safety Casualty Co. v. Wright, 138 Tex. 492, 500, 160 S.W.2d 238; United Employers Casualty Co. v. Marr, Tex.Civ.App., 144 S.W.2d 973, writ ref.; O'Meara v. Williams, Tex. Civ.App., 137 S.W.2d 66, writ ref.; Jones v. Howell, Tex.Civ.App., 107 S.W.2d 661. Point one is overruled.

 Appellant contends that the refusal of the court to instruct the jury that certain testimony of Mrs. Spradlin could be considered only for impeachment purposes constitutes reversible error. Appellant's counsel was cross-examining Mrs. Spradlin and had read to her excerpts from her three petitions filed in this case, which, apparently, contained inconsistent allegations as to how and when her husband sustained injuries. Appellees adduced testimony that she employed her attorneys to prepare the pleadings for her, and that until appellant's counsel showed the pleadings to her she had not read them. Whereupon appellant's counsel asked Mrs. Spradlin if she did not tell her lawyers what took place. During such cross-examination Mrs. Spradlin testified that she told her lawyers what her husband had told her; that her husband said that a rod came loose, and that he liked to have turned the truck over; that she told her lawyers that the truck accident happened after her husband had suffered a strain from lifting sacks of feed; that she told her lawyers about the lifting and then about the accident; that she had no personal knowledge of what took place; "I wasn't there. All I know is what my husband told me, but I could always depend on what he told me." Whereupon, appellant's counsel requested the court to instruct the jury that her testimony as to what she told her lawyers could be con-

sidered only on the question of impeachment of said witness, that it could not be considered as evidence of an injury to Spradlin. In answer to special issue two the jury found that Walter Spradlin did not sustain an accidental personal injury while his truck was being pulled up hill by the "Slim" Spradlin truck. In answer to issue one the jury found that Walter Spradlin did sustain an injury while unloading feed off of the "Slim" Spradlin truck. In appellees' trial petition it was alleged that Walter Spradlin sustained injuries in the manner submitted in said two issues. Without the favorable answer to issue number one, the court would have been required to render judgment for appellant. The only evidence as to the strain, or injury, found by the jury in answer to issue number one came from the witness "Slim" Spradlin. Other witnesses who were at the ranch where the feed was unloaded testified in effect that they assisted in unloading the "Slim" Spradlin truck; that Walter Spradlin was sick at the time and did not assist in unloading, and, therefore, could not have sustained the alleged strain which is the basis of the judgment appealed from. "Slim" Spradlin's testimony was to the effect that while Walter Spradlin was unloading feed he became suddenly ill and had to lie down and could not thereafter assist in the unloading. Whether Walter Spradlin sustained an injury at all, and if so, whether he sustained the same, as found by the jury in answer to issue number one, while unloading feed off of the Slim Spradlin truck, were both sharply contested questions of fact. Under such circumstances the testimony of Mrs. Spradlin, in substance, that her husband told her he sustained an injury while unloading feed off of the "Slim" Spradlin truck; that she gave that information to her counsel after his death, together with her testimony that she could always depend on what her husband told her, was hearsay and highly prejudicial to appellant and probably caused the jury to give a different answer to special issue number one than they would have given had they been informed by the court that her testimony was admissible only for impeachment purposes, that is, that it could not be considered as evidence of the alleged injury. The excerpts from the pleadings were admissible. 70 C.J. 1069. The evidence of Mrs. Spradlin that her husband told her he sustained an injury while unloading feed from the Slim Spradlin truck

was not admissible for the purpose of proving an injury. 45 Tex.Jur. 143. It was not res gestae. Appellant properly requested the court at the time the testimony was introduced to limit the consideration of such testimony to the sole purpose for which it was admissible. Under the authorities the failure to so instruct the jury constitutes reversible error. Robinson v. First National Bank, 98 Tex. 184, 82 S.W. 505; Olvey v. Jones, 137 Tex. 639, 648, 156 S.W.2d 977; Halsell v. Decatur Cotton Seed Oil Co., Tex.Civ.App., 36 S.W. 848; Massie v. Hutchison, 110 Tex. 558, 222 S.W. 962; Blum Milling Co. v. Moore-Seaver Grain Co., Tex.Com.App., 277 S.W. 78, 81; 17 Tex.Jur. 361.

Mrs. Spradlin was permitted to testify, over appellant's objection, that it was hearsay, that she told her husband's employer what her husband told her happened on the trip on which he was injured, and that the employer said that was probably what caused his trouble. Mrs. Spradlin's testimony, to the effect that she notified her husband's employer of the accident, was admissible for the purpose of showing notice to the employer of the injury. Appellant had denied under oath that the employer received notice of an injury to Walter Spradlin within the statutory period. No effort was made to have the testimony limited to the purpose for which it was admissible. Point 4 is overruled.

Appellant excepted to issue number one because it constituted a comment by the court on the weight of the evidence in that it assumed that Walter Spradlin did assist in unloading feed off the "Slim" Spradlin truck. Whether Walter Spradlin assisted in unloading feed from said truck was disputed. It is unnecessary to determine whether or not failure to conform said issue to the objection made constitutes reversible error in view of the fact that the judgment must be reversed for the error heretofore discussed. However, in view of another trial we respectfully call attention to the following authorities: Southern Underwriters v. Boswell, 138 Tex. 255, 260, 158 S.W.2d 280; 18 Tex.Law Review 374; Texas Emp. Ins. Ass'n v. Clack, Tex.Civ. App., 112 S.W.2d 526, 529, affirmed 134 Tex. 151, 132 S.W.2d 399; Marek v. Southern Enterprises of Texas, 128 Tex. 377, 99 S.W.2d 594; Russell v. Great American Ind. Co., 127 Tex. 458, 94 S.W.2d 409.

The other points presented by appellant are disposed of by what has been said, or are such as need not occur upon another trial, and, therefore, will not be discussed. The judgment is reversed and the cause remanded.

### On Motion for Rehearing.

In deference to appellees' able motion for rehearing, we have again considered the testimony relevant to the questions presented. In our original opinion, we stated:

"Other witnesses who were at the ranch where the feed was unloaded testified in effect that they assisted in unloading the 'Slim' Spradlin truck; that Walter Spradlin was sick at the time and did not assist in unloading, and, therefore, could not have sustained the alleged strain which is the basis of the judgment appealed from."

This statement is erroneous and is withdrawn. The "other witnesses" referred to were not testifying about unloading the "Slim" Spradlin truck but about unloading Walter Spradlin's truck at the Finley ranch where the second truck was unloaded. However, we adhere to our former conclusion that (1) whether deceased assisted in unloading "Slim" Spradlin's truck and (2) whether he was injured at that time were matters of fact for the jury to determine. J. D. Spradlin's testimony is contradicted by the testimony of Bromley and other circumstances. Bromley testified that J. D. (Slim) Spradlin reported to him that Walter Spradlin got sick when they were more than 70 miles "this side" of the ranch where "Slim" Spradlin's truck was unloaded, and that neither J. D. nor Walter Spradlin ever mentioned to him the strain alleged to have been suffered by Walter Spradlin while unloading the "Slim" Spradlin truck. However, the judgment was not reversed on account of the wording of issue one.

Appellees earnestly insist that if the court erred in failing to limit the testimony of Mrs. Spradlin as to what her husband told her it was harmless error, for the reason that such testimony referred solely to deceased's injury in a truck accident, which the jury found deceased did not sustain. We cannot agree with this interpretation of the testimony. She testified that she told her lawyers that the truck accident happened after the alleged strain while lifting the sacks of feed. "I told them about the lifting and

then the accident." She testified that all she knew was what her husband told her, but "I could always depend on what he told me." In the absence of a limitation of the effect of said testimony, it could easily have been appropriated by the jury as evidence that deceased did sustain a strain while lifting the sacks of feed. The motion for rehearing is overruled.