█ In Watson v. State, 154 Tex.Cr.R. 438, 227 S.W.2d 559, the conviction was

for robbery. This court stated that "Corroboration of the confession" in effect means proof of the corpus delicti and that "corpus delicti" means proof of the fact that the crime charged has been committed by someone. In that case the victim was dead, the corpus delicti was proved by circumstantial evidence, and the confession was sufficient to support the conviction. See: Lyles v. State, Tex.Cr.App., 351 S.W. 2d 886; Estes v. State, 160 Tex.Cr.R. 632, 274 S.W.2d 411.

The judgment is affirmed.

**E. T. REILLY and Wife, Lucille Reilly,
Appellants,**

v.

**ALAMO GAS SUPPLY COMPANY, Appellee.**

**No. 4060.**

Court of Civil Appeals of Texas.

Waco.

Nov. 15, 1962.

Rehearing Denied Dec. 6, 1962.

Muckleroy McDonnold, C. J. Matthews, San Antonio, for appellants.

Wm. C. Church, Jr., W. Pat Camp, C. R. Eyster, San Antonio, for appellee.

WILSON, Justice.

 In a condemnation case appellants say the court erred in rendering judgment after the expiration of the term, and erred in thereafter rendering another judgment nunc pro tunc, without vacating the first.

The first judgment, rendered after the term expired, did not purport to be nunc pro tunc in nature. One week later, on appellee's motion, a judgment was rendered identical · in language to the first, except that it recited it was rendered nunc pro tunc as of a date within the term at which the jury verdict was returned. Appellants say the first judgment was not void, and was vulnerable only to direct attack. If we sustained the contention we are unable to understand how appellants would be benefited. They did not appeal from the first judgment. They do not ask us to declare the second judgment a nullity, since they say the original judgment is effective. We are asked only to pass upon an academic question which does not affect disposition of the case. Since the second judgment is not asserted to be, and does not appear to be void, and the points concern only its effect on the first judgment, no fundamental error appears; and we are not required to pass on the contention.

■ Complaint is made of failure to limit the purposes for which evidence admitted without objection could be considered by the jury. There was no motion or request to so limit it, and the complaint was waived. Massie v. Hutchison, 110 Tex. 558, 222 S.W. 962.

Appellants' point that the compensation allowed is inadequate has been considered and is overruled. Other points are waived. Affirmed.